■ In the Matter of RICHARD CESAR, Respondent-Appellant, v ONONDAGA COUNTY BOARD OF ELECTIONS, Appellant-Respondent. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York. (Appeal No. 1)—Order unanimously affirmed, with costs to petitioner. Memorandum: These four companion cases are appeals by appellant Onondaga County Board of Elections from orders of Special Term, Supreme Court, Onondaga County, directing that the respondents, college students living in Syracuse, New York, be registered to vote in the election district in which they reside. The respondents attempted to register by mail in their respective election districts as authorized by section 153 of the Election Law. Since they were students, the respondents were required (Election Law, § 151) to complete and sign questionnaires eliciting information necessary for a determination by the board of whether the respondents were "residents" within the meaning of sections 150 and 151 of the Election Law. The board denied each respondent registration, giving no reasons for the denial except for the terse conclusory statement, "Pursuant to Section 151 of the Election Law, you are not a resident of this county." The respondents petitioned pursuant to section 331 of the Election Law to review the determination by the Board of Elections and to consider the constitutionality of section 151 of the Election Law. After conducting a hearing on the matter, Special Term ordered that the respondents be registered. The court declined to consider the constitutional question. We affirm the orders of Special Term. Section 171 of the Election Law requires that when the qualifications of an applicant for registration are challenged by the Board of Elections, challenge affidavits prescribed in section 172 shall be administered to the applicant. The purpose of the challenge affidavit is to enable the board to make an informed judgment of the applicant's qualifications. Although the board in this case did not administer challenge affidavits, the affidavits that were administered by the board pursuant to section 151 were sufficiently broad in their scope so as to constitute substantial compliance with statutory procedure (Palla v Suffolk County Bd. of Elections, 31 NY2d 36). The board, however, has failed to provide respondents with reasons for the denial of registration as statutorily required (Election Law, § 153, subds 8, 11). With-

out reasons, an applicant is unable to determine why he has been deprived of his fundamental right to vote and what steps he must take to qualify. Furthermore, the failure of the board to state its reasons frustrates intelligent judicial review and operates to deprive the board's decision of the presumption of validity normally accorded to it by statute (Election Law, § 151, subd [c]; § 153, subds 8, 11). Since the presumption of validity is not applicable, we conclude upon an examination of the record that respondents were "residents" within the meaning of sections 150 and 151. The twin requirements for establishing residency for voting purposes are an intent to reside at a fixed place and personal presence at that place coupled with conduct which manifests such an intent *(Palla v Suffolk County Bd. of Elections, supra,* p 47). In the case of students, the facts supportive of such an intent must be wholly independent of the presence of the student at the college for educational purposes *(Palla v Suffolk County Bd. of Elections, supra,* p 48). To satisfy constitutional requirements, however, the test of intent must focus on the applicant's "present intention and does not require him to pledge allegiance for an indefinite future" *(Ramey v Rockefeller,* 348 F Supp 780, 788). In the instant case, respondents have exhibited the requisite "present intention" to reside in the election district. All the respondents rent or lease apartments in the community and all have opened checking or savings accounts at local banks. Furthermore, all the respondents have sworn at the hearing that they intend to make Syracuse their home at the present time and in the foreseeable future. In addition, respondent Ruderman owns a motor vehicle which is registered under his Syracuse address. The other three respondents are all working in Syracuse and are at least partially self-supporting. Many of these same factors have been considered to be persuasive evidence of residency for voting purposes *(Matter of Reiner v Board of Elections of Onondaga County,* 54 Misc 2d 1030, affd 28 AD2d 1095, affd 20 NY2d 865). In view of our disposition herein we do not reach or determine the constitutional issues raised. (Appeals from order of Onondaga Supreme Court—Election Law, § 331.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ. (Decided Oct. 29, 1976.)