out reasons, an applicant is unable to determine why he has been deprived of his fundamental right to vote and what steps he must take to qualify. Furthermore, the failure of the board to state its reasons frustrates intelligent judicial review and operates to deprive the board's decision of the presumption of validity normally accorded to it by statute (Election Law, § 151, subd [c]; § 153, subds 8, 11). Since the presumption of validity is not applicable, we conclude upon an examination of the record that respondents were "residents" within the meaning of sections 150 and 151. The twin requirements for establishing residency for voting purposes are an intent to reside at a fixed place and personal presence at that place coupled with conduct which manifests such an intent *(Palla v Suffolk County Bd. of Elections, supra,* p 47). In the case of students, the facts supportive of such an intent must be wholly independent of the presence of the student at the college for educational purposes *(Palla v Suffolk County Bd. of Elections, supra,* p 48). To satisfy constitutional requirements, however, the test of intent must focus on the applicant's "present intention and does not require him to pledge allegiance for an indefinite future" *(Ramey v Rockefeller,* 348 F Supp 780, 788). In the instant case, respondents have exhibited the requisite "present intention" to reside in the election district. All the respondents rent or lease apartments in the community and all have opened checking or savings accounts at local banks. Furthermore, all the respondents have sworn at the hearing that they intend to make Syracuse their home *at the present time and in the foreseeable future.* In addition, respondent Ruderman owns a motor vehicle which is registered under his Syracuse address. The other three respondents are all working in Syracuse and are at least partially self-supporting. Many of these same factors have been considered to be persuasive evidence of residency for voting purposes *(Matter of Reiner v Board of Elections of Onondaga County,* 54 Misc 2d 1030, affd 28 AD2d 1095, affd 20 NY2d 865). In view of our disposition herein we do not reach or determine the constitutional issues raised. (Appeals from order of Onondaga Supreme Court—Election Law, § 331.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ. (Decided Oct. 29, 1976.)

◼    In the Matter of EILEEN DUNN, Respondent-Appellant, v ONONDAGA COUNTY BOARD OF ELECTIONS, Appellant-Respondent. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York. (Appeal No. 2.)—Order unanimously affirmed, with costs to petitioner. Same memorandum as in *Matter of Cesar v Onondaga County Bd. of Elections* (54 AD2d 1108). (Appeals from order of Onondaga Supreme Court—Election Law § 331.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ. (Decided Oct. 29, 1976.)

◼    In the Matter of GREGORY W. FAUST, Respondent-Appellant, v ONONDAGA COUNTY BOARD OF ELECTIONS, Appellant-Respondent. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York. (Appeal No. 3.)—Order unanimously affirmed, with costs to petitioner. Same memorandum as in *Matter of Cesar v Onondaga County Bd. of Elections* (54 AD2d 1108). (Appeals from order of Onondaga Supreme Court—Election Law, § 331.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ. (Decided Oct. 29, 1976.)

◼    In the Matter of LAWRENCE P. RUDERMAN, Respondent-Appellant, v ONONDAGA COUNTY BOARD OF ELECTIONS, Appellant-Respondent. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York. (Appeal No. 4.)—Order unanimously affirmed, with costs to petitioner. Same memorandum as