out reasons, an applicant is unable to determine why he has been deprived of his fundamental right to vote and what steps he must take to qualify. Furthermore, the failure of the board to state its reasons frustrates intelligent judicial review and operates to deprive the board's decision of the presumption of validity normally accorded to it by statute (Election Law, § 151, subd [c]; § 153, subds 8, 11). Since the presumption of validity is not applicable, we conclude upon an examination of the record that respondents were "residents" within the meaning of sections 150 and 151. The twin requirements for establishing residency for voting purposes are an intent to reside at a fixed place and personal presence at that place coupled with conduct which manifests such an intent (*Palla v Suffolk County Bd. of Elections, supra,* p 47). In the case of students, the facts supportive of such an intent must be wholly independent of the presence of the student at the college for educational purposes (*Palla v Suffolk County Bd. of Elections, supra,* p 48). To satisfy constitutional requirements, however, the test of intent must focus on the applicant's "present intention and does not require him to pledge allegiance for an indefinite future" (*Ramey v Rockefeller,* 348 F Supp 780, 788). In the instant case, respondents have exhibited the requisite "present intention" to reside in the election district. All the respondents rent or lease apartments in the community and all have opened checking or savings accounts at local banks. Furthermore, all the respondents have sworn at the hearing that they intend to make Syracuse their home *at the present time and in the foreseeable future.* In addition, respondent Ruderman owns a motor vehicle which is registered under his Syracuse address. The other three respondents are all working in Syracuse and are at least partially self-supporting. Many of these same factors have been considered to be persuasive evidence of residency for voting purposes (*Matter of Reiner v Board of Elections of Onondaga County,* 54 Misc 2d 1030, affd 28 AD2d 1095, affd 20 NY2d 865). In view of our disposition herein we do not reach or determine the constitutional issues raised. (Appeals from order of Onondaga Supreme Court—Election Law, § 331.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ. (Decided Oct. 29, 1976.)

■ In the Matter of EILEEN DUNN, Respondent-Appellant, v ONONDAGA COUNTY BOARD OF ELECTIONS, Appellant-Respondent. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York. (Appeal No. 2.)—Order unanimously affirmed, with costs to petitioner. Same memorandum as in *Matter of Cesar v Onondaga County Bd. of Elections* (54 AD2d 1108). (Appeals from order of Onondaga Supreme Court—Election Law § 331.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ. (Decided Oct. 29, 1976.)

■ In the Matter of GREGORY W. FAUST, Respondent-Appellant, v ONONDAGA COUNTY BOARD OF ELECTIONS, Appellant-Respondent. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York. (Appeal No. 3.)—Order unanimously affirmed, with costs to petitioner. Same memorandum as in *Matter of Cesar v Onondaga County Bd. of Elections* (54 AD2d 1108). (Appeals from order of Onondaga Supreme Court—Election Law, § 331.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ. (Decided Oct. 29, 1976.)

■ In the Matter of LAWRENCE P. RUDERMAN, Respondent-Appellant, v ONONDAGA COUNTY BOARD OF ELECTIONS, Appellant-Respondent. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York. (Appeal No. 4.)—Order unanimously affirmed, with costs to petitioner. Same memorandum as

in *Matter of Cesar v Onondaga County Bd. of Elections* (54 AD2d 1108). (Appeals from order of Onondaga Supreme Court—Election Law, § 331.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ. (Decided Oct. 29, 1976.)

(November 12, 1976)

█  Louis Donofrio, Respondent, v Thomas F. Hastings, Individually and as Chief of Police of the City of Rochester, et al., Appellants.—Order reversed and application to suppress denied. Memorandum: We find no constitutional issue present in this action. Respondent's right to due process is fully protected by the requirements of section 75 of the Civil Service Law. That statute establishes his right to counsel at the formal administrative hearing and due process does not require that the right to counsel be extended to preliminary investigative inquiries in disciplinary matters *(Matter of Groban,* 352 US 330; *Matter of Popper v Board of Regents of Univ. of State of N. Y.,* 26 AD2d 871; see, also, Ann, 33 ALR3d 229, Administrative Hearings-Aid of Counsel). Even though Officer Donofrio's failure to respond to his superior in this departmental inquiry concerning an altercation with a fellow officer may have resulted in disciplinary action affecting his status in the department, he still had no constitutional right to counsel (see *Matter of Groban, supra).* Nor is any constitutional issue presented by his risk of self incrimination in answering questions posed to him by his superior in this noncustodial interrogation unrelated to any criminal charge. Respondent's remedy was arbitration of the denial of his contract right to representation. The arbitrator has found that the contract was violated and that respondent was entitled to copies of all records, transcripts and documents pertaining to the investigation. Respondent is entitled to no more. All concur, except Cardamone and Mahoney, JJ., who dissent and vote to affirm the order in the following memorandum: Prior to the commencement of a departmental investigatory hearing, plaintiff, a Rochester police detective, requested that he be allowed representation either by counsel or by a member of the Rochester Police Locust Club, Inc., the bargaining unit for police affairs. This request, however, was denied and, allegedly, under threat of insubordination charges, plaintiff was compelled to answer questions at the investigatory hearing which were transcribed and compiled into a "statement". Following plaintiff's refusal to sign this "statement", a disciplinary proceeding under section 75 of the Civil Service Law was instituted on April 29, 1975. Thereafter, plaintiff commenced this declaratory judgment action challenging the propriety of the disciplinary charges as violative of his constitutional rights as well as the collective bargaining agreement with the city. He successfully sought a temporary restraining order prohibiting defendants from proceeding with the disciplinary action. At a plenary hearing to determine the plaintiff's motion for a permanent injunction restraining any future departmental disciplinary hearing, the court held that plaintiff's statements taken during the investigatory proceeding be permanently suppressed as to any further disciplinary proceeding conducted under section 75 of the Civil Service Law, based upon its finding that the plaintiff had been denied his constitutional right to counsel during the investigatory hearing. It is from this order that defendants appeal. The threshold question in deciding the standard of formality which must apply to an investigatory proceeding is whether, by virtue of