■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. STRAUF, Appellant.—Appeal unanimously dismissed as moot. *(People v Johnson,* 47 AD2d 639.) (Appeal from judgment of Onondaga County Court —youthful offender.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.

■ In the Matter of PATRICK SEARCHFIELD, Respondent, v KATHLEEN SEARCHFIELD, Appellant.—Order unanimously affirmed, without costs, for reasons stated in the decision of Monroe County Family Court, Pine, J. (Appeal from order of Monroe County Family Court—custody.) Present— Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARILYN E. DIXON, Appellant.—Appeal unanimously dismissed on the ground that since appellant has absconded, her appeal may not be heard. *(People v Parmaklidis,* 38 NY2d 1005.) (Appeal from judgment of Onondaga Supreme Court— criminal possession of controlled substance, third degree.) Present—Cardamone, J. P., Simons, Mahoney, Dillon and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JACKSON, Appellant.—Decision reserved, case held and matter remitted to Erie County Court for further proceedings in accordance with memorandum: At the time defendant pleaded guilty to a reduced charge of manslaughter in the first degree, defendant admitted that he had "shot somebody" but asserted that his actions were in self-defense. This assertion should have triggered a further inquiry by the trial court as to the circumstances surrounding the commission of the crime and the availability of any defenses. *(People v Serrano,* 15 NY2d 304.) Such an inquiry was necessary to determine whether defendant's plea was voluntarily and knowingly made (see *People v Selikoff,* 35 NY2d 227; *People v Nixon,* 21 NY2d 338). (Appeal from judgment of Erie County Court—manslaughter, first degree.) Present— Marsh, P. J., Moule, Cardamone, Simons and Goldman JJ.