1138

habeas corpus.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHYLLIS KLIPPEL, Appellant.—Appeal unanimously dismissed on the ground that since appellant has absconded, her appeal may not be heard. *(People v Parmaklidis,* 38 NY2d 1005.) (Appeal from judgment of Onondaga County Court—youthful offender.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.

■ STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v FLOYD BROWN et al., Appellants. (Appeal No. 1.)—Appeal unanimously dismissed, without costs, the order appealed from having been vacated by order of Steuben County Family Court. (Appeal from order of Steuben County Family Court—neglect proceeding.) Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.

■ STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v FLOYD BROWN et al., Appellants. (Appeal No. 2.)—Appeal unanimously dismissed, without costs, the order appealed from having been vacated by order of Steuben County Family Court. (Appeal from order of Steuben County Family Court—neglect proceeding.) Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL ROGERS, Appellant.—Motion for reargument granted to the extent that the second last paragraph of the memorandum filed September 24, 1976 is amended to read as follows: Since the sentencing court determined that there was no need to withhold from defendant's counsel any part of the presentence report, and released it to his counsel before sentencing, it became part of the record in this case, although not a public record, for use by defendant's counsel and in the event of an appeal, for use by his counsel on appeal. We hold, therefore, that appellate counsel is entitled to examine the report in the course of preparing his brief on the appeal from the judgment of conviction. [Oct. 29, 1976.]