■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY TINSLEY, Appellant.—Appeal unanimously dismissed on the ground that since appellant has absconded, his appeal may not be heard. *(People v Hutchings,* 40 NY2d 836; *People v Parmaklidis,* 38 NY2d 1005; *People v Del Rio,* 14 NY2d 165; *People v Dixon,* 54 AD2d 1132; *People v Klippel,* 54 AD2d 1138.) (Appeal from judgment of Onondaga County Court—assault, second degree and other charges.) Present—Moule, J. P., Cardamone, Simons, Hancock and Denman, JJ.

■ In the Matter of BRIAN E. PROETT, Respondent, v ONONDAGA COUNTY BOARD OF ELECTIONS, Appellant.—Order unanimously reversed, without costs, and petition dismissed. Memorandum: Trial Term found that petitioner established sufficient evidence of residence in Onondaga County for voting purposes (see *Palla v Suffolk County Bd. of Elections,* 31 NY2d 36; *Matter of Cesar v Onondaga County Bd. of Elections,* 54 AD2d 1108). However, in order for petitioner to be registered to vote, the Election Law requires that an application be received by the county board of elections "not later than the thirtieth day before the next following general or special election" (Election Law, § 153). The record before us reveals that petitioner failed to prove that such an application was actually mailed by him or timely received by the board of elections (see *Matter of MacLean v Procaccino,* 53 AD2d 965, 966). In view of the failure to prove that a timely application to register to vote had in fact been made by petitioner, the order which directed respondent to register him should be reversed, without prejudice, however, to petitioner's now making a timely application pursuant to section 153 of the Election Law. (Appeal from order of Onondaga Supreme Court—Election Law.) Present—Moule, J. P., Cardamone, Simons, Hancock and Denman, JJ.

■ LEONARD SCHMIDT, et al., Respondents, v STANLEY EVANS, as President of Amway Distributors Association of the United States, et al., Appellants.—Order unanimously affirmed, with costs, on the opinion at Special Term, Aronson, J. (See, also, *Luce v Pierce Muffler Shops,* 51 Misc 2d 256, affd 28 AD2d 826.) (Appeal from order of Onondaga Supreme Court—dismiss complaint.) Present—Marsh, P. J., Hancock, Denman, Goldman and Witmer, JJ.

■ DONNA J. SMART, Respondent, v JOSEPH WOZNIAK et al., Appellants. —Motion granted and order entered July 12, 1977 amended to reflect that judgment unanimously affirmed, with costs. Present—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ. (Order entered Sept. 13, 1977.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v GEORGE SEMINUK, Defendant.—Motion for change of venue denied. Memorandum: On this application it does not appear that a fair trial cannot be obtained in Chautauqua County, and at this time we deem the motion premature (see *People v DiPiazza,* 24 NY2d 342; *People v Hatch,* 46 AD2d 721; *People v Sekou,* 45 AD2d 982). Present—Marsh, P. J., Moule, Dillon, Goldman and Witmer, JJ. (Order entered Sept. 13, 1977.)