■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVANE DIAZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 9, 1977, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. In his summation, the prosecutor repeatedly told the jurors, over defense objection, that in order to acquit the defendant of possession of a gun, they would have to find that "[the arresting officer] took that stand and he lied. That [the officer] took that stand and he framed the defendant for possessing that gun. That he would take the stand, that he would risk his job, his security, the security of his family". We have repeatedly condemned such remarks as prejudicial and again do so here (see, e.g., *People v Webb,* 68 AD2d 331; cf. *People v Goggins,* 64 AD2d 717, 718). We nevertheless affirm the judgment because the evidence points so strongly to possession of the gun by defendant that there is no "significant probability" that the jury would have acquitted him had the prejudicial remarks not been made (see *People v Crimmins,* 36 NY2d 230, 242). We have considered defendant's remaining contentions and find them to be without merit. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWYER FAISON, JR., Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 20, 1976, convicting him of sexual abuse in the first degree, upon a jury verdict, and imposing sentence. Appeal dismissed on the ground that since appellant has absconded, his appeal may not be heard (see *People v Hutchings,* 40 NY2d 836; *People v Parmaklidis,* 38 NY2d 1005; *People v Tinsley,* 59 AD2d 645; *People v Dixon,* 54 AD2d 1132). Mollen, P. J., Titone, O'Connor, Cohalan and Margett, JJ., concur.