■ EUNICE B. GROARK, Appellant-Respondent, v RICHARD A. ROMEO et al., Constituting the Board of Elections of the County of Onondaga, Respondents-Appellants.—Order insofar as appealed from unanimously reversed on the law without costs, in accordance with the following memorandum: Eunice B. Groark appeals from so much of an order of Supreme Court, Onondaga County, as determined that she was not a resident of Onondaga County within the meaning of the Election Law. Respondents, Commissioners of the Onondaga County Board of Elections, cross-appeal from so much of the order as directed the Board of Elections to review the applications of approximately 800 student applicants who were not joined as parties to the instant proceeding.

The form letter of rejection issued to petitioner failed to state the reasons for rejection in contravention of the mandate of Election Law § 5-210 (8). The Board's failure to provide the petitioner with reasons for denial of registration deprived the Board's determination of residency of the presumption of validity normally accorded to it *(Matter of Cesar v Onondaga County Bd. of Elections,* 54 AD2d 1108, *mot to dismiss appeal granted* 40 NY2d 1079).

Since the presumption of validity is not applicable, we conclude upon an examination of the record that petitioner was a "resident" of Onondaga County within the meaning of the Election Law. Petitioner has exhibited the requisite "present intention" to reside in Onondaga County. She leases an apartment in the community; has opened an account at a local bank; and testified that she intends to make Syracuse her home at the present time and in the foreseeable future. Petitioner plans to pursue her career in Syracuse upon graduation from college. She is currently employed in Syracuse and is at least partially self-supporting (see, Matter of Cesar v Onondaga County Bd. of Elections, supra). The Onondaga County Board of Elections is directed to register petitioner forthwith to vote in the November 3, 1987 general election.

Supreme Court erred in granting relief to the student applicants who were not joined as parties to the instant proceeding. Petitioner was denied class action certification for all students whose applications were rejected by the Onondaga County Board of Elections, and there was no appeal from that determination. (Appeals from order of Supreme Court, Onondaga County, Zeller, J.—Election Law.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ. (Order entered Oct. 30, 1987.)