The STATE of Delaware

v.

Thomas H. WINSETT, Wilbert A. Weekley and Edward J. Mayerhofer.

Superior Court of Delaware.
New Castle.

May 10, 1967.

Jay H. Conner, and Jerome O. Herlihy, Deputy Attys. Gen., for The State of Delaware.

C. Waggaman Berl, Jr., and John E. Wilson, Wilmington, for defendant Wilbert A. Weekley.

DUFFY, Chancellor: *

Wilbert A. Weekley was convicted of being an accomplice to murder in the second degree and that conviction was subsequently affirmed by the Delaware Supreme Court, Weekley v. State, Del., 222 A.2d 781 (1966). Relying on Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964), he now moves under Rule 33, Del.C.Ann. for a new trial or, alternatively, for a special hearing on the question of the voluntariness of certain statements made by him and admitted into evidence.

I

On June 3, 1964 a three-day *voir dire* hearing was begun on the question of ad-

---

* Note: While sitting in the Superior Court, I presided at Weekley's trial; and I have been assigned to this matter under Art.

4 § 13 of the Delaware Constitution, Del.C.Ann.

missibility of certain statements given by Weekley and two co-defendants. Decision was reserved on the question and the trial started as soon as the hearing ended. During the trial, when the statements were offered in evidence, counsel were given a further opportunity, on *voir dire*, to offer evidence as to the admissibility issue. Thereafter, on June 15, the Court ruled that certain statements made by Weekley and the co-defendants were admissible; other statements were excluded.

On June 22, the United States Supreme Court decided Jackson v. Denno, supra. On June 23, counsel called the Court's attention to newspaper reports of the Supreme Court's opinion in *Jackson*. At this point in the trial the evidence had all been received and the Court was conferring with counsel on the charge to be given to the jury. The next day the Court instructed the jury, and on the same date the jury returned a verdict of guilty as to Weekley and the co-defendants.[1]

The State opposes the motion on the ground that *Jackson* is not to be applied retroactively, the Court followed the rule of that case in any event, and, if the Court did not, the most that is required is a hearing on voluntariness only.

## II

The motion brings on for decision the question as to the applicability of *Jackson* to a trial which had begun before that decision was announced but which was not yet completed (and the appellate processes obviously had not been completed either). In *Jackson* the Supreme Court said (at 378 U.S. 395, 84 S.Ct. 1791):

"It is both practical and desirable that in cases to be tried hereafter a

proper determination of voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence."

The United States Supreme Court has not made a definitive ruling that *Jackson* is to be applied retroactively, and there may be some doubt as to the matter in view of the language quoted above.[2] But in Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966) Reh. den. 385 U.S. 890, 87 S.Ct. 12, 17 L.Ed.2d 121, while discussing *Jackson*, the Court said, "we concluded that retroactive application was justified". That language is quite positive and leaves little room for doubt. And in *Jackson* itself the Court gave retroactive effect to the ruling because the question arose under habeas corpus in the Federal Court, a proceeding clearly collateral to the State Court processes which h ad already run their full course. See, also, 79 Harv.L.Rev. 1063 commenting on other Supreme Court opinions from which retroactive effect of *Jackson* may be inferred.

A number of reported Delaware opinions have referred to the ruling in *Jackson*, but none of them has dealt either explicitly or implicitly with the question of retroactivity raised by Weekley's motion.[3]

In People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965), the Court of Errors and Appeals held that, as to trials already concluded,

"[I]f the trial court has charged the jury on voluntariness the issue was in the case and a new hearing is indicated."

It therefore appears that in New York (whose rule and procedure were before the

1. The charge to the jury included an instruction on voluntariness. See State v. Winsett, Del., 205 A.2d 510 (1964), for the complete charge in this case.

2. Counsel were unable to call the Court's attention to any case, other than those cited herein, dealing with the retroactivity question.

3. See, for example, Brooks v. State, Del., 229 A.2d 833 (5/5/67); Jenkins v. State, Del., 230 A.2d 262 (3/27/67); Weekley v. State, supra; Parson v. State, Del., 222 A.2d 326 (1966); Webster v. State, Del., 213 A.2d 298 (1965); Williams v. State, Del., 206 A.2d 501 (1964).

Supreme Court in *Jackson*) the case is given retroactive effect.

In light of the circumstances under which *Jackson* was decided and the Supreme Court's comment in *Johnson*, I conclude that *Jackson* must be applied to Weekley's trial, which had not ended when the decision was announced.

Turning to the transcript in this case, the procedure followed when the statements were offered was that established at the time by our reported decisions announced in Lasby v. State, Del., 185 A.2d 271 (1962), and in Wilson v. State, 10 Terry 37, 109 A.2d 381 (1954). And I am not satisfied that our procedure called for, or permitted, the kind of independent finding now required by *Jackson*. The record does not contain the express determination here as to voluntariness which I believe *Jackson* requires. It follows that Weekley is entitled to some relief under his motion.

As to the type of relief, there is nothing in *Jackson* which requires the granting of a new trial. See Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967). Weekley's motion for a new trial will therefore be denied.

As to the type of hearing, I regard the procedure established by the New York Court of Appeals in People v. Huntley, supra, as appropriate here. There the Court said:

"As to the type of hearing to be had, there is no constitutional impediment to using the prior record provided that the defendant and the People [State] are permitted to put in additional proof if either side so desires."

Weekley's motion for a special hearing on voluntariness of his statements admitted into evidence against him at trial will be granted, and the hearing will consist of the record made in the case together with such additional proof as Weekley and the State desire to make. And, as to the record, both Weekley and the State are to indicate specifically what parts thereof they respectively rely upon. After the hearing both parties will be given an opportunity to brief and argue the question on its merits.