■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT SYLVESTER McKAY, Appellant.— Judgment unanimously reversed on the law and the facts and a new trial granted. Memorandum: On January 14, 1966 knife wounds were inflicted upon two persons at an apartment located on Taylor Street in the City of Rochester. One of the victims succumbed from the wounds. During the early morning hours of the following day a broadcast was made over the city's police radio system directing the apprehension of defendant in connection with the homicide. Officer Wolkonowski (also known as "Ski"), who knew defendant, heard the broadcast and, together with three other officers, saw defendant walking on a public street about 1:15 A.M. The officer hailed defendant and told him to "Hold it"; he then walked over to defendant and grabbed hold of his arms. While restraining defendant Officer Wolkonowski asked him whether he had been on Taylor Street that night, to which defendant replied in the affirmative. The officer then told his associate, "We got him", and, still holding him, two of the other officers frisked and handcuffed the defendant, who then said: "Ski, old buddy, you said you were going to get me good, man you got me good." During the trip to police headquarters in a patrol car defendant volunteered the statement: "I hope they both die." While being questioned at headquarters defendant was asked why he had done it and replied, "I love to kill." It is conceded that at no time was the four-fold warning required by *Miranda* v. *Arizona* (384 U. S. 436) given to defendant. Prior to the trial, a hearing was held on September 7, 1966 upon a motion to suppress the foregoing statements. The court held that all of the statements were admissible, except the last declaration, "I love to kill". An exception to the determination was duly noted by defendant's counsel. In our view, all of the statements and admissions made by defendant, beginning with his acknowledgment of his presence on Taylor Street on the night of the homicide, were rendered inadmissible by reason of the fact that they were obtained from him after he had been taken into "custody" without warning him of his rights as required by *Miranda* v. *Arizona* (*supra*). The testimony of the officers makes it clear that, before any remark was forthcoming from defendant, the latter had been halted by members of the police force and was being physically detained. Such detention constituted a deprivation of freedom in a "significant way" and was likely to affect defendant's "will to

resist and compel him to speak where he would not otherwise do so freely ", thus making necessary the giving of the *Miranda* warnings. (*People* v. *Rodney P.*, 21 N Y 2d 1.) Being held by a police officer by manual force is as effective a taking into custody as is a restraint by means of a drawn gun, which the Court of Appeals has only recently said brought into effect the requirements of *Miranda*. (*People* v. *Shivers*, 21 N Y 2d 118.) (Appeal from judgment of Monroe County Court convicting defendant of murder, second degree, and assault, first degree.) Present — Bastow, J. P., Goldman, Del Vecchio, Marsh and Henry, JJ.