Thomas H. **WINSETT**, Defendant Below, Appellant,

v.

The **STATE** of Delaware, Plaintiff Below, Appellee.

Wilbert A. **WEEKLEY** and Edward J. Mayerhofer, Defendants Below, Appellants,

v.

**STATE** of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Nov. 29, 1968.

H. James Conaway, Jr., of Young, Conaway, Stargatt & Taylor, Wilmington, for appellant Thomas H. Winsett.

C. Waggaman Berl, Jr., of Booker, Leshem, Green & Shaffer, Wilmington, for appellant Wilbert A. Weekley.

Arthur J. Sullivan, of Morris, James, Hitchens & Williams, Wilmington, for appellant Edward J. Mayerhofer.

Jay H. Conner, Deputy Atty. Gen., and Jerome O. Herlihy, Deputy Atty. Gen., for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

PER CURIAM:

These appellants, Thomas H. Winsett, Wilbert A. Weekley and Edward J. Mayerhofer, were denied relief which they sought in Superior Court in a *Huntley* hearing * under Criminal Rule 35 of that Court, Del.C.Ann. They have appealed from that ruling. The opinion of the lower Court is reported in Del.Super., 238 A.2d 821. See also Del.Super., 230 A.2d 777; Del., 222 A.2d 781; Del., 205 A.2d 510. After reviewing the briefs and the record, we find no reversible error.

Specifically:

1) We approve the rules of law stated by the Trial Court as follows:

"The use of reasonable force in effecting an arrest does not in itself impair the voluntariness of a statement made by a defendant during his subjugation or thereby render such statement inadmissible; and

* See People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 172.

"The use of such force does not necessarily taint an incriminating statement thereafter given to the police."

2) We find no error in the Trial Court's application of the above rules to the facts of this case.

3) We have examined People v. Hill, 17 N.Y.2d 185, 269 N.Y.S.2d 422, 216 N.E. 2d 588 in the light of People v. Shivers, 21 N.Y.2d 118, 286 N.Y.S.2d 827, 233 N.E. 2d 836 and People v. McKay, 29 A.D.2d 834, 287 N.Y.S.2d 795; and we find no error in the Trial Court's application to the instant case of the principles stated in *Hill*.

4) The factual findings made by the Trial Court after seeing and hearing the witnesses, including the Trial Court's inferences, deductions, and conclusions of ultimate fact, are supported by sufficient evidence. We cannot say that the basic and deductive factual findings, especially those brought under attack by the appellants, are clearly wrong or that justice requires their reversal. Compare Lank v. Steiner, Del., 224 A.2d 242.

5) We conclude that the State sustained its burden of proof as to the voluntariness of the statements.

6) We conclude that Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, does not govern in the instant case, the trial of which commenced prior to the announcement of the *Miranda* decision. See Jenkins v. State, Del., 230 A.2d 262.

7) We conclude that Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, does not govern in the instant case, the trial of which commenced prior to the announcement of the *Escobedo* decision. See Weekley v. State, Del., 222 A.2d 781.

8) We conclude that the Trial Court gave due consideration to the *Miranda* rules as "significant factors" in determining voluntariness.

9) We conclude that due process of law was not violated by the "totality of the proceedings."

Finding no reversible error, we affirm the judgment below.