■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CROSSMAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 24, 1976, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. On cross-examination the prosecutor asked the defendant the following questions: "Q. Mr. Crossman, when Detective Juliano testified that you told him that [the] boiler was installed during the summer of 1974, was he lying? Q. When Mr. Barone testified that there was a flue that ran from that boiler to two feet short of the window on October 6th, 1974, when he first entered that basement, was he lying also? Q. Mr. Crossman, when Mr. Barone testified that there was a pipe that he saw which came out of this bypass and ran to another pipe in

the ceiling that he saw the first time that he went down there but not the second time, was he lying about that?" Defense counsel's objection to the last question was overruled. The District Attorney then asked again, "Was he lying about that?", and posed the following questions: "Q. Mr. Crossman, would Detective Juliano be lying when he said that you told him that you took those pipes down, you just took those pipes down, would he be lying about that? Q. Was she [Mrs. Murray] lying when she said that? You said that the children had low resistance and you should give them cough medicine. Was she lying about that? Q. When she [Mrs. Gumbs] testified here that she complained about the fumes in the building, she was lying also?" The prosecutor's repeated inquiry of the defendant as to whether he thought the prosecutor's witnesses were lying is a tactic that was condemned in *People v Mariable* (58 AD2d 877). By posing the questions in that manner the defendant was compelled to characterize the prosecution's witnesses as liars. Whether the defendant believed that the other witnesses were lying is irrelevant (see *People v Davis,* 63 AD2d 685, mot for lv to app den 45 NY2d 779; see, also, *People v Perez,* 69 AD2d 891). Additionally, we note that the Trial Judge committed a number of errors during the *voir dire* when he informed the jurors concerning the nature and function of the Grand Jury and the District Attorney's office and the burden of proof. The court should have simply instructed the prospective jurors that a defendant in a criminal action is presumed to be innocent until the contrary is proven beyond a reasonable doubt, that the burden of proof rests upon the prosecution at all times and that if there is a reasonable doubt as to whether the defendant's guilt has been satisfactorily proven he must be acquitted (see CPL 70.20, 300.10, subd 2). Mollen, P. J., Hopkins, Shapiro and Martuscello, JJ., concur.