■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE PEREZ,

Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 20, 1976, convicting him of criminal possession of a dangerous drug in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The Assistant District Attorney, at the trial, asked the defendant during cross-examination whether "it is your testimony now that what [the undercover officer] testified to when he was in court was a lie?" Compelled to respond over defense counsel's objection, defendant answered in the affirmative. In her summation, the Assistant District Attorney made reference to this colloquy by exclaiming that "after he [the defendant] said that [the undercover officer] was a liar * * * What more was there to ask" him? Thereafter, the Assistant District Attorney went on to elaborate that the undercover officer "didn't get [his] ribbons for being a liar." The Assistant District Attorney's initial inquiry impermissibly placed the defendant in the position of having to characterize the undercover officer as a "liar" in order to maintain his innocence. This error was then compounded by the Assistant District Attorney's reliance upon the defendant's characterization of the officer's testimony in her summation. Thereafter, and in the same connection, the Assistant District Attorney improperly bolstered the credibility of her own witness by referring to his "ribbons", implying rather broadly that he was a person to be believed. We have repeatedly condemned this line of questioning (see, e.g., *People v Davis,* 63 AD2d 685, mot for lv to app den 45 NY2d 779; *People v Mariable,* 58 AD2d 877; *People v Crossman,* 69 AD2d 887). In addition to the foregoing, it was improper to allow the undercover officer, over objection, to characterize the defendant as a "connection" in prior drug sales. This allegation is without support in the record and contradicts the officer's own testimony that his contact (who testified for the People at trial) had telephoned him on the morning of the crime to state that he (the contact) had "*met* a connection" who could supply half a kilo of cocaine (emphasis added). The person referred to in this dialogue was the defendant. The People concede that it was "highly unlikely" that the police officer "intended his testimony to mean that appellant was [his contact's] connection in his prior buys". However, regardless of the officer's intent, this is precisely what the testimony implied. The remark established nothing more than defendant's alleged criminal propensity and was, therefore, highly prejudicial. In the absence of overwhelming evidence of guilt, the combined effect of the cited errors mandates a reversal and a new trial. O'Connor, J. P., Gulotta, Margett and Mangano, JJ., concur.