■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SANTANA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 29, 1976, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The cumulative effect of several errors committed at defendant's trial rendered that trial unfair. To begin with, during the course of the one-day trial, the court asked the witnesses approximately 300 questions from the Bench, including 64% of the questions posed to the complaining witness on direct examination. Neither the prosecutor nor defense counsel demonstrated a need for such unnecessarily extensive assistance on the part of the trial court. Although none of the court's questions were unnecessarily prejudicial to defendant, we are compelled to conclude that the conduct of the trial court constituted error, in light of repeated pronouncements by the Court of Appeals that the trial court's prerogative to join in the examination of witnesses should be exercised sparingly (see *People v Jamison,* 47 NY2d 882) and only when

necessary to aid the jury in understanding the factual issues presented (see *People v Mendes,* 3 NY2d 120; *People v Mees,* 47 NY2d 997). It was also error for the trial court to inform the prospective jurors, during *voir dire,* concerning the nature and function of the Grand Jury (see *People v Crossman,* 69 AD2d 887). Finally, it was improper for the court to elicit testimony with respect to defendant's silence at the time of his arrest (see *Doyle v Ohio,* 426 US 610; *People v Conyers,* 49 NY2d 174). While, under the circumstances of the case, any one of these errors, standing alone, might not have been of sufficient gravity to mandate a reversal, we believe that their cumulative effect was to deprive defendant of his right to a fair trial. Hopkins, J. P., Mangano, Rabin and Gulotta, JJ., concur.