STATE of Delaware, Plaintiff, Appellant,

v.

John Preston ROOKS, Defendant,
Appellee.

Supreme Court of Delaware.

Submitted Dec. 19, 1979.

Decided Jan. 30, 1980.

Merritt Burke, III, Deputy Atty. Gen., Georgetown, for plaintiff, appellant.

Robert C. Wolhar, Jr., of Wolhar & Moore, Georgetown, for defendant, appellee.

Before HERRMANN, C. J., DUFFY, McNEILLY and QUILLEN, JJ.

PER CURIAM:

This is an appeal by the State, under 10 Del.C. § 9902, which is before us for the second time. The central issue in the appeal involves a ruling by a Trial Judge in the Superior Court that statements made by a prospective State witness were inadmissible in a prosecution for first-degree murder. See 11 Del.C. § 3507. After ruling on distinctions between the judge-jury issue of voluntariness and the jury issue of reliability, we remanded the case to the Superior Court for reconsideration of its order on the evidence issue. Reference is made to our prior opinion for a full statement of the facts, the statutes, the cases and other relevant considerations. State v. Rooks, Del., 401 A.2d 943 (1979).

After remand, the Trial Judge filed a supplemental opinion which counsel have briefed in this Court.

The Trial Judge ruled that the statements sought to be introduced by the State were not admissible, saying:

"In my judgment the promises made to . . . [the witness] were extravagant in the extreme and were the direct cause of his giving two statements to the police when his natural inclinations and desires were to the contrary. The statements were not, by my evaluation of the testimony, freely self-determined . . ..

For the reasons expressed herein, together with other comments stated on the record at the hearing in this matter, and those contained in the trial Court's letter of May 24, 1979, it was my conclusion, after consideration of the totality of the circumstances, that the State had not sustained its burden of establishing the voluntariness of the March 28, 1976 statement and that the [subsequent] statement . . . was the 'fruit of the poisonous tree', resulting in both statements being inadmissible."

In short, the Trial Judge found that the statements were not voluntary due to police action which overbore the will of the witness.

The critical findings by the Trial Judge are factual and are based, in significant part, on live testimony. There is evidence in the record to support such findings and, therefore, under the prevailing standards, we will not set them aside. State v. Rooks, supra; State v. Winsett, Del.Super., 238 A.2d 821 (1968); aff'd 251 A.2d 199 (Del. 1968).

It follows that the order of the Superior Court suppressing the evidence in issue must be affirmed.

McNEILLY, Justice, dissenting:

With all due deference to my brethren and the learned Trial Judge, I respectfully dissent. In my opinion the decision of the Trial Judge is the result of mental gymnastics which took him far beyond the four corners of the record. The Trial Judge found the testimony of the Delaware State Police Officer weak and, on occasion, unbelievable, and the testimony of the witness Reynolds, a co-defendant, whose inculpatory statements were suppressed, more accurate, reliable and truthful. But in my opinion, based upon the undisputed evidence, there is insufficient evidence in the record to support Reynolds' claim of influence, and further, the Trial Judge erred in ruling the promises made to Reynolds "extravagant in the extreme", the investigatory actions of the police "decidedly improper" and the statements in issue "not . . . freely self determined". I would reverse.