■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE SANTIAGO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 21, 1977 and October 4, 1977, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant was charged, *inter alia,* with assault in the first degree as a result of a stabbing incident. The defendant testified in his own defense and, on cross-examination, the prosecutor repeatedly tried to have him state that a police witness was a liar. On summation, the prosecutor commented that if the defendant stuck to his story "he would be calling Detective Doyle a liar". Thereafter, he proceeded to vouch for the officer's testimony. This court has repeatedly condemned such questions and comments by the prosecution as prejudicial (see, e.g., *People v Yant,* 75 AD2d 653; *People v Diaz,* 73 AD2d 604; *People v Lopez,* 73 AD2d 676). Besides improperly questioning the defendant as to whether the police were lying, the prosecutor's vouching for the police officer's testimony constituted improper bolstering (see *People v Perez,* 69 AD2d 891; *People v Webb,* 68 AD2d 331). In addition, the prosecutor's denigration of the defense witnesses' testimony was improper (see *People v Shanis,* 36 NY2d 697; *People v Webb, supra).* The fact that defense counsel failed to object to some of the prosecutor's questions or comments does not preclude this court from ordering a new trial as a matter of discretion in the interest of justice (see *People v Butler,* 57 AD2d 931). In addition, we note that the prosecutor improperly cross-examined the defendant's character witness as to his actual knowledge of particular acts of misconduct (see *People v Kennedy,* 47 NY2d 196; *People v Alamo,* 23 NY2d 630, cert den 396 US 879) and the trial court improperly questioned the defendant and made comments concerning an alleged eyewitness (cf. *People v De Jesus,* 42 NY2d 519; *People v Bell,* 38 NY2d 116). Damiani, J. P., Gulotta, Martuscello and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEO WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered October 20, 1978, convicting him of rape in the first degree and sodomy in the first degree, upon a jury verdict, and sentencing him to two concurrent terms of imprisonment, each having a maximum of 15 years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentences to two concurrent terms of imprisonment, each having a maximum of 10 years. As so modified, judgment affirmed. The sentences were excessive to the extent indicated. We have examined the defendant's other contentions and find them to be without merit. Mollen, P. J., Titone, Martuscello and O'Connor, JJ., concur.