■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK GUIDICE, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant's chief contention on appeal from his conviction of two counts of assault, second degree (Penal Law, § 120.05, subd 2) is that the trial court erred in permitting use on cross-examination of a suppressed statement given by defendant to Investigator Lloyd and in permitting Investigator Lloyd to testify to the statement on rebuttal. Defendant in his direct testimony concerning the incident underlying the charges admitted that he hit two men with his fists. He specifically denied, however, having seen, possessed, or used a knife or having cut anyone, and omitted any mention of having consumed liquor. This version of the incident differed materially from the statement defendant had given to Investigator Lloyd in which he said that he "grabbed the knife [from the floor of the car] and exited the car", that he was "a little screwed up as he had been drinking", and that "the next thing he knew he had cut one guy and then went and cut the other guy because he was beating up his friend". The use

of the statement on cross-examination was proper. As stated in *People v Wise* (46 NY2d 321, 327-328): "[W]here a defendant's trial testimony offers one version of the events in question, and his prior remark to a police officer suggests a contrary view of those events, the jury is entitled to hear the previous statement so that it may fully assess the witness' credibility." On cross-examination defendant denied having made the admission to Investigator Lloyd. The contents of the statement pertained to material and not collateral issues, and the statement itself was, therefore, properly introduced through the testimony of Investigator Lloyd on rebuttal *(People v Wise, supra,* p 328). The allegedly improper questions and remarks of the prosecutor, including questioning of defendant on cross-examination concerning whether various prosecution witnesses had lied, while improper, do not on this record amount to reversible error (see *People v Davis,* 63 AD2d 685; *People v Mariable,* 58 AD2d 877). We note that defense counsel made no objection to the propriety of the questions, did not except to the prosecutor's summation, and in his own summation characterized a prosecution witness as a liar. We find no merit in the other arguments raised on appeal. (Appeal from judgment of Monroe County Court, Mark, J. — assault, second degree.) Present — Dillon, P. J., Simons, Hancock, Jr., Moule and Schnepp, JJ.