■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO OCHOA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Ryan, J.), rendered September 21, 1977, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The People, with commendable candor, concede that the prosecutrix committed certain improprieties during cross-examination of defendant and during summation and that the cumulative effect thereof served to impair the fairness of the trial. We agree. During cross-examination of defendant, the prosecutrix repeatedly inquired as to whether the People's witnesses were lying. Such questioning has often been condemned as improper (see, e.g., *People v Yant,* 75 AD2d 653; *People v Lopez,* 73 AD2d 676; *People v Goggins,* 64 AD2d 717). "Whether * * * defendant believed that the other witnesses were lying is irrelevant [citations omitted]." (*People v Crossman,* 69 AD2d 887, 888.) The prejudicial effect of such inquiries was then compounded by the prosecutrix during summation when she emphasized to the jury defendant's characterization of the People's witnesses as liars and that the paramount issue for their determination was the credibility of the witnesses (see *People v Yant, supra; People v Perez,* 69 AD2d 891, 892). When the prosecutrix also suggested that defendant had lied, she improperly bolstered the veracity of the People's witnesses (see *People v Diaz,* 73 AD2d 604; *People v Lopez, supra*). It was also not within the province of the prosecutrix to comment upon matters not in evidence and not inferable from the evidence (see *People v Ashwal,* 39 NY2d 105, 109, 110). Accordingly, the suggestion that defendant had previously sold drugs in the basement where the sale of cocaine occurred and the explanation for the informant's absence from the trial were inappropriate. In light of the evidence presented at trial, we cannot adopt the view that the strength of the case against defendant was such that the improper conduct of the prosecutrix did not influence the jury and taint its verdict (see *People v Brosnan,* 32 NY2d 254, 262; *People v Kingston,* 8 NY2d 384, 387). Consequently, the judgment must be reversed and a new trial ordered. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES QUARESIMO, Appellant. — Judgment of the County Court, Suffolk County (Tanenbaum, J.), rendered February 10, 1981, affirmed. No opinion. This case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Titone, J. P., Mangano, Weinstein and O'Connor, JJ., concur.