■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO DE JESUS, Appellant. — Judgment unanimously affirmed. Memorandum: On appeal from his convictions of criminal sale of a controlled substance, first degree, and criminal possession of a controlled substance, first degree, defendant contends that the court erred in its instruction to the jury on the law of entrapment. The record is devoid of evidence to support a defense of entrapment. Therefore, defendant was not entitled to a charge on that defense (see *People v Thompson,* 47 NY2d 940; *People v Mapp,* 47 NY2d 939), and any error in the charge would be of no effect. In any event, defense attorney made no objection either during the charge or during the colloquy prior thereto when the court outlined its intended instruction (see *People v Thomas,* 50 NY2d 467). Defendant also urges that improper questioning and summation by the prosecutor deprived him of a fair trial. The majority of assignments of error were not preserved for review (see CPL 470.05, subd 2; *People v Martin,* 50 NY2d 1029; *People v Williams,* 46 NY2d 1070). We note in particular that there was no objection to the questioning on cross-examination of defendant based on the transcript of the earlier trial of Prendes, who had been arrested with defendant and tried separately (see *People v Prendes,* 85 AD2d 933, application for lv to app den 56 NY2d 599), regarding whether Prendes had tried to "pin everything on" defendant when he testified at that trial in his own defense, and whether he had been lying (see *People v Ochoa,* 86 AD2d 637; *People v Santiago,* 78 AD2d 666). Similarly, defendant did not object to questions concerning whether two undercover police officers were lying when they testified in defendant's trial. Upon review of the record we conclude that defendant was not deprived of his right to a fair trial. We find no basis for a reversal as a matter of discretion in the interest of justice (see CPL 470.15, subd 6, par [a]; *People v Thomas, supra,* p 473; cf. *People v Ochoa, supra; People v Santiago, supra*). The other points raised present no ground for reversal. (Appeal from judgment of Monroe County Court, Celli, J. — criminal sale of controlled substance, first degree, and another charge.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.