■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BALKUM, Appellant. — Judgment unanimously reversed, as a matter of discretion in the interest of justice, and a new trial granted. Memorandum: Defendant was deprived of a fair trial because of the cumulative impact of the following errors (*People v Johnson,* 89 AD2d 506; *People v Dowdell,* 88 AD2d 239). The prosecutor repeatedly forced the defendant to characterize the police witnesses as lying, speaking untruths, wrong or mistaken. Such conduct is, of course, entirely improper and highly prejudicial to the defendant (see *People v Galloway,* 54 NY2d 396, 400; *People v Guidice,* 83 AD2d 756; see, also, *People v*

*Bailey,* 58 NY2d 272). Additionally, the court twice advised the jury that sufficient evidence had been presented for them to reach a verdict, thus creating "the possibility that the stated opinion of the trial court or even the suggestion of an opinion might be seized upon by the jury and eventually prove decisive" (*People v Mendes,* 3 NY2d 120, 121; see, also, *People v Bell,* 38 NY2d 116, 120). Most prejudicial, however, was the court's inclusion of a *Sandstrom* charge (see *Sandstrom v Montana,* 442 US 510) both in its initial instructions and when the jury returned for reinstruction on the definition of intent. The court categorically stated that a person intends the natural and probable consequences of his act. The *Sandstrom* instruction was clearly not harmless error (see *Connecticut v Johnson,* 460 US __, 103 S Ct 969) inasmuch as it created a conclusive presumption of intent. Although it was neither objected to at trial nor raised on appeal, the record clearly indicates that the jury was affected by the charge. We therefore reverse the judgment of conviction as a matter of discretion in the interest of justice (see CPL 470.15, subd 6). (Appeal from judgment of Monroe County Court, Barr, J. — grand larceny, third degree.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Green, JJ.