■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK HERLAN, Appellant. — Judgment reversed, as a matter of discretion in the interest of justice, and a new trial granted. Memorandum: Defendant was convicted following a jury trial of burglary in the third degree, criminal mischief in the fourth degree and possession of burglar tools arising out of a break-in of a restaurant during the early morning hours of August 10, 1981. During the prosecutor's cross-examination of defendant, he repeatedly questioned defendant as to whether the police officers were lying when they testified contrary to defendant's testimony. At one point, the prosecutor asked: "Oh, he was lying. Mr. Herlan, in your wisdom, why would a police officer of sixteen years risk his pension to perjure himself in court over you? Any reason?" On summation, the prosecutor made the same argument to the jury as to why a police officer would risk his pension rights by lying to convict this defendant. Such remarks by the prosecutor during summation compounded the prejudicial effect of this cross-examination of defendant as to whether the police officers had lied during their testimony. Defendant's credibility was an important issue at trial. The jury had to decide whether to believe the police officers' account of the incident or defendant's claim that he was merely an innocent bystander, or at most, attempting to intervene on the side of the law. The repeated emphasis on defendant's forced characterization of the officer witnesses' testimony as lies served to deprive him of his right to a fair trial (*People v Galloway,* 54 NY2d 396; *People v Ochoa,* 86 AD2d 637; *People v Santiago,* 78 AD2d 666; *People v Crossman,* 69 AD2d 887; *People v Goggins,* 64 AD2d 717). Further, the trial court's statement that "he [the defendant] claims that the police officers are lying" in instructions to the jury highlighted the unfortunate references, and its prejudicial effect on the jury should not be underestimated. Although no objections were made at trial, the record clearly indicates that the jury was affected by the charge. We therefore reverse the judgment of conviction as a matter of discretion in the interest of justice (see CPL 470.15, subd 6; *People v Balkum,* 94 AD2d 933). All concur, except Hancock, Jr., J. P., and Boomer, J., who dissent and vote to affirm, in the following memorandum.

Hancock, Jr., J. P., and Boomer, J. (dissenting). We respectfully dissent and vote to affirm. Defense counsel failed to object to any of the claimed instances of prosecutorial misconduct and thus he did not preserve the issue for appellate review (CPL 470.05). We see no reason why, under the facts of this case, we should exercise our discretion and reverse the conviction in the interest of justice. The proof of defendant's guilt was strong and convincing and the defendant's testimony that he did not participate in the burglary lacked credibility. Defendant told the jury that he happened to be in the area and saw a man crawling through the front window of the Club Como; he yelled into the window to scare the person out and then went through the weeds to the back door of the club; the door flung open and the man came out with a crowbar in

his hand; when defendant went to grab the man, the man dropped the crowbar and threw defendant to the ground and defendant picked up the crowbar just as the police arrived. This testimony not only was incredible, but it was impeached by defendant's inconsistent statements and by his prior criminal convictions. (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J. — burglary, third degree.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.