■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVA McCORMICK, Appellant. — Judgment affirmed. Memorandum: Defendant's principal contention on appeal is that she was denied a fair trial because of the cumulative impact of prosecutorial misconduct (see, e.g., *People v Balkum,* 94 AD2d 933; *People v Mott,* 94 AD2d 415, 418-419). Defendant bases this contention on the following grounds: the prosecutor's attempts to force her to characterize the People's witnesses as liars; the prosecutor's questioning of her regarding prior bad acts; and the prosecutor's summation. ¶ The prosecutor's conduct in repeatedly attempting to force defendant to characterize the People's witnesses as liars was clearly improper (see, e.g., *People v Bailey,* 58 NY2d 272), but prejudice was minimized by defense counsel's objecting to every one of these improper attempts and the trial court's sustaining of each objection. Additionally, since counsel failed either to request curative instructions or to move for mistrial, the issue has not been preserved for review (*People v Weston,* 56 NY2d 844, 846). Indeed, defense counsel's failure to do so, particularly since he later moved for a mistrial on another ground, indicates that he did not believe these attempted questions seriously prejudiced his case. ¶ Similarly, the prosecutor's questioning of defendant concerning bad acts which defendant failed to raise at the *Sandoval* hearing did not deny defendant a fair trial. Here, the prosecutor questioned defendant about an alleged assault which had not been ruled on at a prior *Sandoval* hearing. Defense counsel objected and a new hearing was held outside the presence of the jury. After the court ruled the assault inadmissible, the jury was reconvened and the prosecutor immediately questioned defendant about an alleged stabbing incident. Defense counsel again objected, the jury was again excused and another hearing was conducted. The court disallowed the stabbing incident and asked the prosecutor if he intended to question defendant concerning any other acts which had not been previously raised at the *Sandoval* hearing. The prosecutor then brought out two other incidents which were ruled on by the court. While it concededly would have been preferable for the prosecutor to have requested an advance ruling concerning these acts (see *People v Ventimiglia,* 52 NY2d 350, 361-362), the burden of obtaining such an advance ruling rests with defendant (*People v Sandoval,* 34 NY2d 371, 378; *People v Ortero,* 75 AD2d 168). Any prejudice stemming from the prosecutor's asking about acts which were subsequently ruled inadmissible can, hence, be attributed to defendant's failure to obtain a prior ruling. Moreover, the trial court gave clear curative instructions to the jury to ignore the content of any questions to which it sustained an objection, thereby minimizing any possible prejudice. ¶ Finally, defense counsel failed to preserve any question concerning the prosecutor's summation by not objecting to it (CPL 470.05, subd 2; *People v Nuccie,* 57 NY2d 818). While it is true that the prosecutor's summation contained several instances of improper vouching for the People's witnesses (see, e.g., *People v Blackman,* 88 AD2d 620, 621), it should be reviewed in light of the comments made by defense counsel on his summation (*People v Arce,* 42 NY2d 179, 190). Here, defense counsel remarked on his summation that the prosecutor had failed to recall the victim to contest the defendant's version of what had happened in the bathroom and otherwise attempted to pit the defendant's credibility against the victim's. ¶ We do not believe the cumulative effect of these asserted errors prejudiced defendant's right to a fair trial and find no basis for reversing this conviction in the interest of justice (CPL 470.15, subd 6; cf. *People v Balkum,* 94 AD2d 933). We have reviewed defendant's other contentions and find them to be without merit. ¶ All concur, except Green, J., who dissents and votes to reverse and grant a new trial, in the following memorandum.

Green, J. (dissenting). I must dissent. Defendant was denied her constitutional right to a fair trial by the abusive, flagrant and unprovoked misconduct

of the prosecutor. The fact that defense counsel did not object to some of the prosecutor's remarks does not preclude us from reaching the merits of defendant's claims as a matter of discretion in the interest of justice (see *People v Balkum,* 94 AD2d 933; *People v Santiago,* 78 AD2d 666; CPL 470.15, subd 6). ¶ Defendant was convicted of two counts of robbery in the second degree (Penal Law, § 160.10, subds 1, 2, par [a]), and one count of assault in the second degree (Penal Law, § 120.05, subd 2) as a result of a fight in the ladies' room of a restaurant on New Years' Eve, 1982. The victim alleged that another woman, aided by the defendant, punched, kicked and bit her, banged her head against the bathroom wall and stole money from her purse. The victim received a lump on her forehead and scratches on her face and neck. Defendant took the stand and denied these allegations. Thus, as the Second Department observed in a similar context, "this is a case which, in effect, could have tried itself" (*People v Stewart,* 92 AD2d 226, 227). ¶ Defendant was deprived of a fair trial because of the cumulative impact of the following errors. During cross-examination of the defendant, the prosecutor repeatedly forced the defendant to characterize the prosecution's witnesses as liars (see *People v Bailey,* 58 NY2d 272; *People v Herlan,* 99 AD2d 647; *People v Balkum, supra; People v Ochoa,* 86 AD2d 637; cf. *People v Galloway,* 54 NY2d 396) and improperly questioned the defendant about prior bad acts (see *People v Ventimiglia,* 52 NY2d 350, 359-360; *People v Molineux,* 168 NY 264, 291-293; cf. *People v Sorge,* 301 NY 198, 200-201). During summation, the prosecutor improperly vouched for the credibility of his witnesses (*People v Blackman,* 88 AD2d 620, 621; *People v Ochoa, supra; People v Santiago, supra*), commented on matters not in evidence (see *People v Pavao,* 59 NY2d 282, 293; *People v Mott,* 94 AD2d 415, 416) and made inflammatory and denigrating remarks about the defendant (see *People v Stewart, supra,* at pp 230-231). ¶ While I see no useful purpose in further detailing the misconduct of the prosecutor, two observations by the Court of Appeals are worth noting. First "[i]t is not enough for [a District Attorney] to be intent on the prosecution of his case. Granted that his paramount obligation is to the public, he must never lose sight of the fact that a defendant, as an integral member of the body politic, is entitled to a full measure of fairness. Put another way, his mission is not so much to convict as it is to achieve a just result" (*People v Zimmer,* 51 NY2d 390, 393). Equally important is the notion that "[c]riminal trials are to be so conducted that the proof will be legal evidence, unimpaired by intemperate conduct, impertinent counsel and irrelevant asides, all of which obfuscate the development of factual issues and sidetrack the jury from its basic mission of determining the facts relevant to guilt or innocence. Although every trial may not be impeccably conducted and free of some error, we will not tolerate trials where unadulterated unfairness and deceit have become the rule. Evenhanded justice requires more and, as the ultimate guardian of the rights of the People and defendants in the State, we have a right to expect more" (*People v Alicea,* 37 NY2d 601, 605). ¶ Since the right of the defendant to a fair trial must be respected without reference to the proof of defendant's guilt (*People v Alicea, supra*) the judgment of conviction should be reversed and a new trial ordered. (Appeal from judgment of Onondaga County Court, Hurlbutt, J. — robbery, second degree and assault, second degree.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Moule, JJ.