OPINION OF THE COURT
William H. Bristol, J.
When is a criminal action no longer "pending”? Specifically, when a defendant waives his right to a preliminary hearing followed by a local court referring the case to a Grand Jury, has the action lost its pendency? This is one of the issues on *778 this appeal from a conviction of criminal contempt, second degree, and attempted assault, third degree.
The appellant, John J. Murphy, Jr., was originally charged on March 10, 1988 in Chili Town Court with criminal mischief, third degree, a felony, and criminal trespass, second degree. At the time these charges were filed, the Town Justice issued a temporary order of protection pursuant to CPL 530.13. The defendant was out of custody when on April 11, 1988, he waived his right to a preliminary hearing and the case was transmitted to Monroe County Court for presentation to a Grand Jury. The record of the April 11, 1988 proceeding is silent whether the temporary order of protection was to remain in effect. (Cf., CPL 530.13 [5] [revocation of order].)
On June 18, 1988, the defendant was charged with assault, third degree (later amended to attempted assault, third degree), and criminal contempt, second degree, the latter based on his violation of the temporary order of protection of the local court issued as a result of the March 10th charges. The original charges were not voted on by the Grand Jury until well after the June 18th incident.
Prior to trial, the defendant moved to dismiss the contempt charge, arguing that the earlier underlying charges of criminal mischief, third degree, and criminal trespass, second degree, were disposed of and no longer pending in the local court on April 11, 1988 when the matter was transmitted to the superior court. That motion was denied.
After a jury trial, the defendant was convicted of attempted assault in the third degree and criminal contempt, second degree, and has now served his sentence in full.
CPL 530.13 (1) states: "When any criminal action is pending * * * the court, in addition to the other powers conferred upon it by this chapter, may for good cause shown issue a temporary order of protection as a condition of a pre-trial release, or as a condition of release on bail”.
Black’s Law Dictionary 1134 (6th ed 1990) defines "pending” as "Begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Awaiting an occurrence or conclusion of action, period of continuance or indeterminancy.” Thus, an action or suit is pending "from its inception until the rendition of final judgment.” (Cf., Henderson v Reid, 79 AD2d 1019 [2d Dept 1981].)
The defense argues that the statute should be strictly construed, as this case involves a local criminal court. But, *779 this portion of the CPL (part 3, tit P, art 530) is not limited to local courts; it applies to all relevant courts, and its language must be interpreted accordingly.
The statute does not state, for example, "When any action is pending in a local court” (emphasis supplied); rather, it states "when the action is pending” (emphasis supplied), i.e., before the action has been terminated by a judgment of guilty or not guilty, or finally and favorably for the defendant dismissing the case. The focus of the statute is on the status of the criminal action, not on the physical whereabouts of an undismissed, nonterminated criminal action.
In CPL 180.70, the only time a felony is not "pending” in either local court or superior court is when it has been dismissed under CPL 180.70 (4).
To accept the defendant’s position would provide the complainant in a felony proceeding with less protection than in a misdemeanor proceeding. It would allow a felony defendant who posts bail and then waives his right to a preliminary hearing to nullify an order of protection until the prosecutor obtains an indictment from a Grand Jury. Under this theory, after the time the felony complaint and associated papers were transmitted from the local court to the superior court, there would be a gap in time when no protection could be afforded this complainant. This does not appear from the words of the statute to have been the intent of the Legislature.
Therefore, the motion to dismiss on the grounds that there was no action "pending” was properly denied by the trial court.
During trial, however, error occurred that requires reversal of the criminal contempt and the attempted assault charge. During cross-examination of the defendant, the prosecutor repeatedly and improperly cross-examined the defendant by asking the defendant whether other witnesses were lying. (See, e.g., People v Balkum, 94 AD2d 933 [4th Dept 1983].) The error was compounded when the Judge overruled defense objections. The error was not harmless. (People v Balkum, supra.)
Since the defendant has already completed his sentence, no purpose would be served by retrial. The proper remedy is to reverse the conviction and dismiss the criminal information with prejudice. (People v Flynn, 79 NY2d 879 [1992].) Accordingly, the judgment of Chili Town Court, entered November 28, 1988 (Hon. Melvin Olver), must be and hereby is reversed.