OPINION OF THE COURT
Daniel K. Lalor, J.
*31 Defendant is charged with aggravated criminal contempt in violation of Penal Law § 215.52 and assault in the third degree in violation of Penal Law § 120.00 (1). Defendant submits an omnibus motion addressed to the indictment seeking, among other relief, dismissal of count one of the indictment upon the ground there exists a legal impediment to conviction of the defendant for the offense charged (CPL 210.20 [1] [h]).
Count one charges the class D felony of aggravated criminal contempt in violation of Penal Law § 215.52, based upon defendant’s alleged violation of a temporary order of protection issued pursuant to CPL 530.13 by the local criminal court for the Village of Catskill. Defendant contends that, at the time of the alleged violation, the order of protection was no longer of any effect, the local criminal court having been divested of jurisdiction.
The uncontroverted allegations are that defendant was first charged with assault in the second degree by felony complaint in the local criminal court for the Village of Catskill. In the course of that criminal proceeding the local criminal court on March 13, 1997 issued a temporary order of protection for the benefit of the victim of the alleged assault. Thereafter the matter was presented to a Grand Jury which returned indictment No. C-97-025-L in this court, charging defendant with the crimes of attempted robbery in the second degree and assault in the second degree. Defendant was arraigned on that indictment in this court on August 12, 1997. No application was made to this court at arraignment with respect to issuing or continuing an order of protection, and defendant was released on his own recognizance. Five days later on August 17, 1997 defendant allegedly committed the acts upon which the instant indictment is founded, by again assaulting the victim for whose benefit the local court’s temporary order of protection had been issued. The question raised by defendant is whether there was a temporary order of protection in effect at the time of the second alleged assault.
CPL 530.13 (1) provides, in pertinent part, “When any criminal action is pending * * * the court, in addition to the other powers conferred upon it by this chapter, may for good cause shown issue a temporary order of protection as a condition of a pre-trial release, or as a condition of release on bail”.
CPL 530.13 (8) provides, in pertinent part,
“If a defendant is brought before the court for failure to obey any lawful order issued under this section and if, after hearing, the court is satisfied by competent proof that the defendant has willfully failed to obey any such order, the court may:
*32 “(a) revoke * * * bail * * * or
“(b) * * * impose or increase bail pending a trial of the original crime * * * or
“ (d) * * * [i]n addition, if the act which constitutes the violation of the order of protection or temporary order of protection is a crime or a violation the defendant may be charged with and tried for that crime or violation."
If there were an order in effect, it follows that upon a violation thereof defendant could have been brought for sanction before the court that issued the order. That court in this case was the local criminal court, which according to CPL 530.13 (1) issued its order “as a condition of’ defendant’s release. The sole sanctions available to the local court for violation of its order in this case were to “revoke”, “impose” or “increase” defendant’s bail.* But, upon defendant’s arraignment in this court, the local criminal court was divested of jurisdiction with respect to bail matters (CPL 10.30 [2]; 530.40 [2]). No application was made to this court at arraignment to issue or continue a temporary order of protection. Thus, unless this court could properly entertain an application to directly sanction defendant for violation of the local court’s order, as of the time of the second alleged assault, there was no court with power to sanction defendant for violation of the temporary order of protection issued by the local criminal court. Absent a power to impose a sanction, there cannot be said to exist an “order” of “protection” in any sense meaningful to the protectee. Therefore (so runs the argument), the temporary order of protection was no longer in effect as of the time of the alleged violation.
The court in People v Murphy (154 Misc 2d 777) reached an opposite conclusion based on its analysis of the language of CPL 530.13 (1) which states that a temporary order of protection may “issue” from the court, “[w]hen any criminal action is pending”, which the court took to mean at any time “before the action has been terminated by a judgment of guilty or not guilty, or finally and favorably for the defendant dismissing the case” (supra, at 779). The court reasoned that to adopt defendant’s position would create an unintended “gap” in the legislative protection afforded a complainant, since it would allow a felony defendant who posts bail and then waives his right to a preliminary hearing to “nullify” a local court’s order *33 of protection until the prosecutor could obtain an indictment from a Grand Jury (supra, at 779).
The question in this court’s view is not so much when an order may “issue”, as how long one persists, once issued. Furthermore, the disposition in Murphy (supra) is not squarely on point on its facts, for that case involved a defendant who violated an order of protection after he had been held for action of the Grand Jury, but before an indictment had been voted. Here, the defendant was both indicted and arraigned on the charges springing from the original incident before he committed the alleged violation of the lower court’s order of protection.
Nevertheless, Murphy (supra, at 779) makes the point that the temporary order of protection entered in a local criminal court is entered in the same “criminal action” as is before the County Court after arraignment upon an eventual resulting indictment. Indeed, a criminal action “(a) commences with the filing of an accusatory instrument against a defendant in a criminal court * * * (b) includes the filing of all further accusatory instruments directly derived from the initial one, and all proceedings, orders and motions conducted or made by a criminal court in the course of disposing of any such accusatory instrument, or which, regardless of the court in which they occurred or were made, could properly be considered as a part of the record of the case by an appellate court upon an appeal from a judgment of conviction; and (c) terminates with the imposition of sentence or some other final disposition in a criminal court of the last accusatory instrument filed in the case” (CPL 1.20 [16] [emphasis added]). Viewed in this way, it is not unthinkable that the condition alluded to above could occur, i.e., that a defendant in violation of a temporary order of protection issued by a local criminal court could be brought before a superior criminal court for sanction. An example may illustrate.
A temporary order of protection issued as a condition of pretrial release set by the local criminal court. So, too, is “bail” a “condition” of pretrial release, in that if the defendant fails to appear as required, the bail is forfeit. Now, where the defendant is free on bail set by a local criminal court pending Grand Jury action, an indictment is filed, County Court as a superior criminal court directs the defendant to appear for arraignment on the indictment, and the defendant fails to appear as directed, who forfeits the bail? The answer is, it is the superior court (CPL 210.10 [2]). Even though the bail was fixed as a *34 condition of the local court’s release (“a previous court order issued in the same criminal action”) it is the superior court that in due course obtains power to “enforce” this order, through the sanction of forfeiting bail.
If this is so, why is not any other “condition” of defendant’s release set in the local criminal court likewise capable of “enforcement” by the superior court, once the case arrives before it? And, where the specified sanctions for violation of the condition are to impose, revoke or increase bail, functions that are already exercised by County Court as soon as it acquires jurisdiction, why should County Court not be able to take into consideration, in its bail determinations, an alleged violation of an order of protection issued by a lower court in the course of the same criminal action? To pose these questions is to answer them. County Court does have power to sanction a defendant who violates a temporary order of protection previously issued in a criminal action, even one issued by a local criminal court, because it assumes jurisdiction over all conditions of defendant’s release when it divests the local criminal court of jurisdiction. And, since the lower court’s order of protection thus survives defendant’s indictment and arraignment in County Court, its subsequent violation may constitute a crime.
Accordingly, the motion to dismiss count two of the indictment, charging aggravated criminal contempt, is hereby denied.
Other Relief
With respect to the remaining branches of the motion, in camera inspection of the Grand Jury minutes is ordered; the People will provide minutes to the court for review. Release of the minutes to defense counsel is denied. Pending its review the court reserves upon all motions addressed to the indictment based upon any alleged insufficiencies or defects reflected by the minutes.
The motion for a hearing pursuant to People v Sandoval (34 NY2d 371) and People v Ventimiglia (52 NY2d 350) is denied without prejudice to renewal prior to trial.
All aspects of defendant’s motion not granted herein are hereby denied.

 The availability of the separate sanction of criminal prosecution for the violation is not under consideration here, except insofar as it depends upon the very issue raised by defendant’s motion.