Desmond, J.
Defendant’s conviction was on four counts of criminally buying and receiving stolen property as a felony. There is no dispute as to the sufficiency of the prosecution’s proof. The conviction must, however, be reversed for the reasons stated in the dissenting opinion at the Appellate Division.
The Trial Judge declined to charge the jury, as requested by defendant’s counsel, that “ the police officers were guilty of j unnecessary delay as a matter of law ”. An exception was taken. Defendant had been arrested late on a Saturday night and held in custody all that night, all day Sunday and through Sunday ¡ night. He was not arraigned until Monday morning although to j the knowledge of the officers a court in which he could have been ¡ arraigned was open on Sunday. The delay in arraignment was illegal (Code Crim. Pro., § 165; Penal Law, § 1844). Therefore, it was error (as the People now concede) for the court to refuse the requested instruction and, similarly, error for the court to submit to the jury as a question of fact whether the delay was “unnecessary or unreasonable ” (see People v. Snyder, 297 N. Y. 81, 91-92; People v. Kozicky, 275 App. Div. 863). These incorrect instructions to the jury were the more serious since j some of the most damaging evidence presented by the proseen- j tion consisted of alleged admissions made by defendant during j that period of unlawful delay in arraignment.
The other serious and prejudicial error was made by the ¡ prosecutor in his summation. During the defense summation counsel had criticized the prosecutor for failing to have and pro- : duce stenographic minutes of defendant’s alleged police station statement, although a stenographer had been present when that statement was allegedly made to police officers (including one Omark) and to the prosecutor. When it came to the People’s summation, the prosecutor, referring to the same illegal self-accusatory statements by defendant said this: ‘ ‘ Gentlemen, with all the sincerity at my command, I say to you that if that conversation did not take place, in your judgment, you stop right ' there. Don’t waste another ten seconds on this case. Come back and say that this defendant is not guilty. If that conversation *439 did not take place, then I am an aider and abetter to Omark’s perjury.” We repeat the previous condemnations by ours and other courts of such practices by any prosecutor in making himself an unsworn witness and supporting his case by his own veracity and position (see Berger v. United States, 295 U. S. 78, 88; People v. Tassiello, 300 N. Y. 425, 430; People v. Swanson, 278 App. Div. 846, 847). Defendant objected to the prosecutor’s improper remarks, but the court indicated to the jury that there was no impropriety. Defendant took adequate exception. Without elaborating on the incident, we hold that it was reversible error.
The judgment of the Appellate Division and that of the Court of General Sessions should be reversed and a new trial ordered.
Conway, Ch. J., Dye, Fuld, Frobssel, Van Voorhis and Burke, JJ., concur.
Judgments reversed, etc.