■ DAYTON DEVELOPMENT FORT HAMILTON CORP. et al., Appellants, **v.** CITY OF NEW. YORK, Respondent.— Judgment unanimously modified, on the law and on the facts and in the exercise of discretion, without costs, to the extent of deleting the last three decretal paragraphs thereof, directing the city to deposit to its credit but subject to order of the court the sums referred to in the third and fourth decretal paragraphs with a banking institution or institutions in an interest-bearing account or accounts, dismissing the complaint insofar as it relates to the recovery of said sums, with leave to plaintiffs to serve an amended complaint, and otherwise affirmed. Discussion of the issues between the parties is unnecessary in view of the commendable attitude of counsel upon the argument as to the impleading of additional defendants having a possible interest in the refund and as to the deposit of the refund moneys pending litigation of any such interest. The responsibility for selecting the defendants to be added is the plaintiffs', but we suggest that they consider, among others, the inclusion of the Federal Housing Commissioner and the mortgagees, together with a number of tenants sufficient to insure the adequate representation of all (Civ. Prac. Act, § 195; *New York State Rys.* v. *Security Trust Co.,* 135 Misc. 456, 462, affd. 228 App. Div. 750); and it would seem desirable also that plaintiffs give timely and informative notice of the pendency and purpose of the litigation to the remaining tenants (*Northwestern Tel. Co.* v. *Western Union Tel. Co.,* 197 Misc. 1075, 1080), the United States Attorney, the Legal Officer of Fort Hamilton, and such others as plaintiffs may deem advisable or as the city may suggest to them. The amended complaint may also include the claims plaintiffs assert for costs and expenses, including counsel fees, in connection with the refund and, if plaintiffs and the city agree, may also request a determination of the rights to the refund covered by the stipulation relating to the 1953–1954 taxes. Settle order on notice. Concur— Botein, P. J., Breitel, Valente, McNally and Bergan, JJ.

■ In the Matter of the Estate of NANNIE B. GREENE, Deceased. IDA JACKSON et al., Appellants; WILLIAM H. GREENE, as Administrator of the Estate of NANNIE B. GREENE, Deceased, Respondent.— Order entered on December 13, 1957, dismissing the objections of contestants-appellants and granting letters of administration to petitioner-respondent, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur— Rabin, J. P., Valente, McNally, Stevens and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EARTHAN KEITT, Appellant.— Judgment of conviction unanimously reversed on the law and a new trial ordered. The improper summation of the Assistant District Attorney resulted in substantial prejudice to the rights of the defendant. The court, in its rulings on objections timely made, failed to remedy, but rather compounded the error, by giving standing to the statements as legitimate argument. (*People* v. *Lovello,* 1 N Y 2d 436, 439; *People* v. *Tassiello,* 300 N. Y. 425, 430.) The failure to take exception to such rulings is not fatal (Code Crim. Pro., § 527). Concur— Rabin, J. P., Valente, McNally, Stevens and Bergan, JJ.

■ JOSEPH RAE, Appellant, v. MONTRES ROLEX S. A., Respondent.— Order entered on January 6, 1961, granting defendant's motion to set aside the service of the summons and complaint herein, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur— Botein, P. J., Breitel, Rabin, Valente and Steuer, JJ.