THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK QUILES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 21, 1975, convicting him of burglary in the second degree, assault in the second degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. There were several errors in this case which operated to deprive the defendant of a fair trial and which mandate the reversal of his conviction. The most serious of these errors involves the testimony of a Detective Noto, who, upon repeated questioning by the Assistant District Attorney, stated several times that the sole eyewitness in the case had been unhesitant and unequivocal in her identification of the defendant. Such testimony had the undoubted effect of bolstering the testimony of the eyewitness and improperly influencing the jury, especially in view of the fact that the Assistant District Attorney made it a point to emphasize Detective Noto's "experience as a police officer and as a detective in investigating cases heard on identification" (see *People v Trowbridge*, 305 NY 471; *People v Napoletano*, 58 AD2d 83). A second error, and one which was nearly as prejudicial, involved the failure of the trial court to carefully limit questioning concerning defendant's postarrest silence. While it is true that on direct examination defendant claimed that he had informed the police of his alibi, thus opening the door to this line of questioning, that was not a signal for the prosecution to seize upon Detective Noto's inability to

recall such a statement and to repeatedly question him about it. The only conceivable purpose in thus emphasizing the fact that the defendant never informed the police of his alibi was to permit the jury to infer a consciousness of guilt. This is not permissible, as "every post-arrest silence is insolubly ambiguous because of what the State is required to advise the person arrested" (see *Doyle v Ohio,* 426 US 610, 617; *People v Von Werne,* 41 NY2d 584). In the context of the other errors at the trial, this repeated emphasis on the defendant's postarrest silence cannot be deemed harmless. A final error which occurred in this prosecution concerned the People's introduction of rebuttal testimony for the sole purpose of impeaching the credibility of a defense witness as to collateral matters. This, too, was improper (see *People v Schwartzman,* 24 NY2d 241; *People v Napoletano, supra).* The cumulative effect of these errors, as well as of much repetitive and gratuitous questioning upon cross-examination, was to create an atmosphere whereby this defendant was being tried, not for the specific crimes with which he was charged, but for being an individual, who, according to the District Attorney's brief, had a "propensity toward distortion of the truth" and led "a shiftless mode of existence". Gulotta, P. J., Hopkins, Latham and Cohalan, JJ., concur.