■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ANTOINE, Also Known as JAMES CRUMBLE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 6, 1977, convicting him of two counts of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The defendant was convicted of two counts of robbery in the first degree, it being found that in the early morning hours of September 15, 1976 he and four other men went to an Amoco gas station in Brooklyn in a car driven by the defendant and robbed the attendant at gunpoint. Four hours later they committed a robbery at a second gas station in Queens. After an extensive chase, the police captured the defendant and his passengers. Defendant made no statement at the time of his arrest. At trial, defendant raised the affirmative defense of duress (see Penal Law, § 40.00), claiming that he was a gypsy cab driver who had been hailed and then forced at gunpoint to drive his car, with the robbers in it, during the commission of the robberies and the ensuing flight. On cross-examination, over defense counsel's objection, the prosecutor asked the defendant whether he had ever come forward and informed the police, the District Attorney, or any public official, that he had been forced at gunpoint to participate in the robbery. Defendant answered that he had not, but he did inform his attorney that he had acted under duress. The prosecutor then noted that the defendant only mentioned the coercion to his attorney after he had been arrested and charged with the robbery. In his summation, the prosecutor argued emphatically that an innocent victim of coercion would

have announced his predicament to the police immediately upon his arrest. The defendant's conviction must be reversed and a new trial ordered. The law is clear that a suspect's postarrest silence may not be used to impeach a defendant who testifies as to his innocence at trial *(Doyle v Ohio,* 426 US 610; *People v Arce,* 42 NY2d 179; *People v Von Werne,* 41 NY2d 584; see, also, *People v Harding,* 59 AD2d 897; *People v Quiles,* 59 AD2d 950; *People v Bates,* 58 AD2d 838). Since there is a reasonable possibility that such impeachment contributed to the defendant's conviction it cannot be treated as harmless error (see *People v Von Werne, supra).* Damiani, J. P., Lazer and Rabin, JJ., concur.

Suozzi, J., dissents and votes to affirm the judgment of conviction, with the following memorandum: The defendant's indictment for robbery in the first degree (and several lesser crimes), and his conviction of said crime, arose out of his participation in an armed robbery of a gas station attendant on September 15, 1976 at 3:30 A.M. The majority is of the view that the prosecutor violated the mandate of the United States Supreme Court in *Doyle v Ohio* (426 US 610) and thereby committed reversible error when he (1) cross-examined defendant, over defense counsel's objection, as to whether he had ever informed the police or any public official that he had been forced at gunpoint to participate in the robbery (defendant answered in the negative) and (2) implied in summation that an innocent victim of coercion would have advised the police of his predicament immediately upon his arrest. I disagree. In my view the facts in *Doyle v Ohio (supra),* are materially distinguishable from those at bar and, under the facts at bar, any *Doyle* error must be deemed harmless. In *Doyle,* the defendant was arrested and convicted for the crime of selling marihuana to an informant. At the trial defense counsel cross-examined the narcotics agents who allegedly observed the transaction and was partially successful in establishing that due to a limited view of the parking lot where the crime took place none of them had seen the actual transaction but had only seen the informant with a package under his arm, presumably after the transaction. The defendant took the stand and testified in substance that he had been framed by the informant. He testified that according to the initial agreement, it was the informant who was going to sell him 10 pounds of marihuana. Defendant then reconsidered and decided that he only wanted one or two pounds and tried to explain his change of mind to the informant who had come to the parking lot with the marihuana under his arm. The informant grew angry, threw $1,320 (the sum which the informant allegedly received from the government to make the purchase) into defendant's car and took the marihuana back to his truck. Defendant was apprehended while pursuing the informant in an attempt to find out why the informant left the money with him. As the United States Supreme Court noted in *Doyle (supra,* p 613), defendant's "explanation of the events presented some difficulty for the prosecution, as it was not entirely implausible and there was little if any direct evidence to contradict it". During cross-examination the defendant in *Doyle* was asked, over objection, whether he told this story of the frame to the agent who arrested him. Defendant answered in the negative. On appeal defendant argued that the trial court erred in allowing the prosecutor to cross-examine him at his trial about his postarrest silence. The United States Supreme Court held (p 619) "that the use for impeachment purposes of petitioner's silence, at the time of arrest and after receiving *Miranda* warnings, violated the Due Process Clause of the Fourteenth Amendment". However, the court immediately thereafter stated that (pp 619-620) "The State has not claimed that such use in the circumstances of this case might

have been harmless error". There is a crucial distinction between *Doyle* and the case at bar. In *Doyle* the prosecutor's improper reference to defendant's silence at the time of his arrest was reversible error since it served as the only means by which defendant's exculpatory version of the incident was successfully impeached. In the case at bar, however, quite apart from the improper reference as to defendant's silence, there was competent, proper and overwhelming evidence derived from defendant's admitted conduct, which conclusively impeached and refuted his defense of duress. The evidence at the trial was as follows: The gas station attendant testified that a blue Cadillac with a white vinyl top, which defendant acknowledged to be his own, drove into his station at 3:30 A.M. on September 15, 1976. Defendant got out of the car, told the attendant "Fill it up, premium or whatever" and asked "Where's the bathroom?" The attendant pointed to the bathroom and the defendant went there unescorted. Defendant did not run away but returned to the car from the bathroom and upon being asked to pay for the gas he directed the attendant to the passenger side of the car. The man in the passenger side produced a shotgun and demanded the attendant's money. As he complied, defendant returned to the driver's seat. The armed passenger and another man in the back of the car then escorted the attendant into the gas station office leaving defendant in the car with the car keys. He did not drive away although he was out of shotgun range. Defendant admitted that while the two men were in the office taking more money he saw a passing police car but did nothing to attract attention. The men returned to the car and defendant drove them away. Defendant also conceded that he was not robbed by his captors. Under these circumstances, it is clear that the People overcame the defense of duress and proved defendant's guilt beyond a reasonable doubt. Any error of constitutional magnitude committed by the prosecutor in this case, in violation of *Doyle,* by seeking to impeach the defendant by his silence as distinguished from his conduct, must be considered on the facts herein, as harmless beyond a reasonable doubt, i.e., there is no reasonable possibility that the error contributed to the conviction (see *People v Almestica,* 42 NY2d 222, 226). Accordingly, I dissent and vote to affirm the judgment of conviction appealed from.