■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JEROME YANT, Also Known as JOHN BROOKS, Appellant.—Appeal by defendant from a judgment of the County Court, Dutchess County, rendered September 16, 1975, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Under the circumstances of this case, the cumulative effect of the prosecutor's improper cross-examination of defendant and summation was to deprive defendant of a fair trial. Defendant was charged, *inter alia,* with criminal possession of narcotics in November, 1973 and criminal sale of narcotics in March, 1974. The only witness for the People as to the events of March 9, 1974 was an undercover investigator for the State Police to whom defendant had allegedly sold narcotics on that date. The investigator had seen defendant for a total of slightly over six minutes, at most, on three separate occasions, the last of which occurred about 14 months before trial. Defendant was arrested over a month after the alleged sale by a person or persons other than the investigator. The investigator was not requested to and did not make an explicit in-court identification of defendant. Defendant denied ever seeing the investigator before trial. The proof as to defendant's alleged constructive possession of narcotics on November 13, 1973 was largely based on the testimony of two Town of Poughkeepsie detectives, who had no professional connection with the State Police investigator, and was entirely circumstantial. During summation, the prosecutor, who had, on cross-examination of the defendant, placed him in the position of having to characterize all the officers involved as having lied and having to claim that he was being framed with respect to the possession charge, stated: "You are supposed to believe that at least two law enforcement agencies, and I guess the District Attorney's office is going to get thrown in, so make it three, are involved in some sort of gigantic criminal conspiracy to frame [defendant.] Again, and I know I am repeating myself, to acquit [defendant] you have to find that a gigantic conspiracy existed, certainly within the Town of Poughkeepsie between [the two detectives involved] and everyone else who was there, certainly somehow within the State Police and maybe even both and maybe even with every other agency in the county." By these comments, the prosecutor not only improperly supported his case by his own veracity and position (see *People v Lovello,* 1 NY2d 436, 439), but also tended to reinforce any inclination the jury might have had to consider the evidence as to the separate transactions in a cumulative manner (see *People v Sandoval,* 34 NY2d 371, 377-378). These comments took on added importance in light of the fact that the jury was not charged to the effect that it should not consider defendant's guilt with respect to the separate transactions in a cumulative manner. The prosecutor's eliciting from the defendant

on cross-examination that the officers were lying and the defendant was being "framed" was improper (see *People v Perez,* 69 AD2d 891). This impropriety was compounded not only by the prosecutor's repeated statements on summation to the effect that the determinative issue was whether the police officers, considered together, or the defendant was lying, but also by statements on summation to the effect that, in order to acquit defendant, the jury would have to find that the officers had committed perjury and risked their careers which totaled over 30 years of service. Furthermore, an independent examination of the record also reveals a further serious impropriety relating to the prosecutor's inquiry into his postarrest interview with defendant (see *People v Lovello, supra; People v Antoine,* 69 AD2d 838). A suspect's postarrest silence may not be used to impeach him when he testifies as to his innocence at trial. Hopkins, J. P., Lazer, Margett and O'Connor, JJ., concur.