■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMAN LORA, Also Known as RAFAEL ALIVERI, Appellant. [619 NYS2d 708] —Judgment, Supreme Court, New York County (Ira

Beal, J., at suppression hearing; Juanita Bing Newton, J., at trial), rendered July 6, 1992, convicting defendant, after a jury trial, of robbery in the first degree and robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 10 to 20 years and 7½ to 15 years, respectively, unanimously affirmed.

Defendant failed to preserve for appellate review his claim that the prosecutor improperly moved to reopen the case several times during defense summation, and we decline to review in the interest of justice. In any event, in view of the new evidence that defense counsel proffered, it was within the trial court's discretion to entertain the prosecutor's requests. *(See, People v Olsen,* 34 NY2d 349, 353.)

The court properly refused to admit evidence of one of the victim's school attendance record to rebut his testimony that he was home at the time of the robbery since admission of this evidence would not have established that he was, in fact, in school at the relevant time *(see, People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998).

Further defendant failed to preserve for appellate review his claim of prosecutorial misconduct during summation and we decline to review it in the interest of justice. *(People v Balls,* 69 NY2d 641.) In any event, viewed in the context of defendant's summation, the People properly responded to attacks on their witnesses *(see, People v Marks,* 6 NY2d 67, 78, *cert denied* 362 US 912). Further, the record does not show that the prosecutor rendered his own personal opinion on the credibility of the witnesses *(cf., People v Lovello,* 1 NY2d 436, 438-439). Finally, in view of the nature of the crime, the sentence imposed was not excessive. Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Tom, JJ.