■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD BERRIOS, Appellant. [750 NYS2d 302] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered April 4, 2001, convicting him of rape in the third degree (two counts), sodomy in the third degree, and sexual abuse in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant was convicted of two counts of rape in the third degree, one count of sodomy in the third degree, and two counts of sexual abuse in the third degree in connection with two incidents which involved sexual conduct with the complainant, who was 15 years old at the time of the incidents. In the first incident, the defendant, who was 21 years old at the time, allegedly touched the complainant's genitals before engaging in sexual intercourse with her. In the second incident, he allegedly had the complainant perform oral sex upon him before engaging in sexual intercourse with her. At trial, the defendant denied having had sexual contact with the complainant.

We agree with the defendant that the prosecutor committed reversible error when he repeatedly asked him on cross-examination whether the prosecution's witnesses, including the complainant and certain Suffolk County police detectives, lied during their testimony (see People v Simms, 130 AD2d 525; People v Sepulveda, 105 AD2d 854, 857; People v Calderon, 88 AD2d 604; People v Santiago, 78 AD2d 666). "Whether the defendant believed that the other witnesses were lying is irrelevant" (People v Crossman, 69 AD2d 887, 888).

In light of this determination, we need not address the defendant's remaining contentions. S. Miller, J.P., Friedmann, Crane and Rivera, JJ., concur.