■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNIE BONDS, Appellant. [926 NYS2d 299]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered October 10, 2008, convicting him of criminal trespass in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05; *People v Hawkins*, 11 NY3d·484, 491-492 [2008]; *People v Gray*, 86 NY2d 10, 19-20 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see generally Matter of Jeffery M.*, 309 AD2d 937, 938 [2003]; *cf. Matter of Paul N.*, 244 AD2d 489, 490 [1997]).

Moreover, in fulfilling our responsibility to conduct an inde-

pendent review of the weight of the evidence (see CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]).

The defendant further contends that he was deprived of a fair trial by the prosecutor's tactic of asking him on cross-examination whether he believed two of the prosecution's police witnesses were lying. Although we have repeatedly disapproved of this type of questioning (see e.g. *People v Berrios*, 298 AD2d 597 [2002]; *People v Webb*, 68 AD2d 331, 333 [1979]; *People v Yant*, 75 AD2d 653, 653 [1980]), any error committed here was harmless as there was overwhelming evidence of the defendant's guilt and no significant probability that the impropriety in the prosecutor's cross-examination affected the verdict (see *People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Gonzalez*, 15 AD3d 594, 594-595 [2005]; *People v Lawrence*, 4 AD3d 436, 437 [2004]; *People v McGlone*, 222 AD2d 529 [1995]; *People v Calada*, 154 AD2d 700, 700 [1989]). Covello, J.P., Leventhal, Lott and Miller, JJ., concur.