Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered October 25, 2011, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the Supreme Court properly denied his Batson challenge (see Batson v Kentucky, 476 US 79 [1986]) to the prosecutor’s peremptory strikes of two prospective jurors during the first round of jury selection. The defendant did not demonstrate circumstances supporting a prima facie showing that would establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (see id. at 96-97; People v Childress, 81 NY2d 263 [1993]; People v Bolling, 79 NY2d 317 [1992]; People v Jenkins, 75 NY2d 550 [1990]).
The defendant correctly contends that the prosecutor improperly asked him on cross-examination whether a prosecution witness’s testimony was “not true” because it contradicted the defendant’s recollection of events (see People v Galloway, 54 NY2d 396, 400 [1981]; People v Lawrence, 4 AD3d 436, 437 *1097 [2004]; People v Berrios, 298 AD2d 597, 597 [2002]; People v Leuthner, 216 AD2d 327, 328 [1995]; People v Simms, 130 AD2d 525, 525-526 [1987]; People v Sepulveda, 105 AD2d 854, 857 [1984]; People v Buehler, 104 AD2d 1045, 1045 [1984]; People v Calderon, 88 AD2d 604, 604 [1982]; People v Ochoa, 86 AD2d 637, 637 [1982]; People v Santiago, 78 AD2d 666, 666 [1980]; People v Yant, 75 AD2d 653, 653 [1980]; People v Rodriguez, 62 AD2d 929, 929 [1978]; People v Bryant, 60 AD2d 810, 811 [1978]). We also agree with the defendant that the prosecutor improperly cross-examined him about his silence when he was apprehended by the police (see People v De George, 73 NY2d 614 [1989]; People v Conyers, 52 NY2d 454 [1981]). However, under the facts of this case, the errors were harmless and did not deprive the defendant of a fair trial (see People v Crimmins, 36 NY2d 230, 241-242 [1975]). Indeed, with respect to the questions concerning the defendant’s silence after being apprehended, the trial court alleviated any prejudice by sustaining defense counsel’s objections to the two offending questions, striking the second question and answer from the record, and directing the jury to disregard the second question and answer.
The defendant’s remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.