■ The People of the State of New York, Respondent, v Gomatee Ramsundar, Appellant. [28 NYS3d 341]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered January 11, 2012, convicting her of grand larceny in the second degree (8 counts), grand larceny in the third degree (6 counts), money laundering in the second degree (2 counts), money laundering in the third degree (2 counts), criminal impersonation in the first degree (15 counts), and scheme to defraud in the first degree (3 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence supporting her convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in

fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The testimony of the People's witness who summarized certain voluminous records was properly admitted (*see People v Haque*, 70 AD3d 967, 968 [2010]; *People v Potter*, 255 AD2d 763 [1998]; *People v Weinberg*, 183 AD2d 932 [1992]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Mastro, J.P., Hall, Maltese and LaSalle, JJ., concur.