Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered January 11, 2012, convicting her of grand larceny in the second degree (two counts), grand larceny in the third degree (two counts), money laundering in the second degree (two counts), money laundering in the third degree (two counts), criminal impersonation in the first degree (six counts), and scheme to defraud in the first degree (two counts), upon a jury verdict, and sentencing her to consecutive and concurrent indeterminate terms of imprisonment, which, by operation of Penal Law § 70.30 (1) (e) (i), were reduced to an aggregate term of imprisonment of 10 to 20 years, as well as a fine in the sum of $182,180.
Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed with respect to the 17th and 23rd counts of the indictment shall run concurrently with all the remaining sentences rather than consecutively, thus reducing the defendant’s aggregate term of imprisonment to 6 to 18 years, and reducing the fine to $5,000; as so modified, the judgment is affirmed.
The defendant contends that the Supreme Court denied her *893 the constitutional right to present a defense (see generally Chambers v Mississippi, 410 US 284 [1973]; Washington v Texas, 388 US 14 [1967]) by precluding her from eliciting testimony that would demonstrate the complainants’ bias or motive to fabricate. However, the defendant’s constitutional claims are unpreserved for appellate review, since she did not assert a constitutional right to introduce the excluded evidence at trial (see People v Simmons, 106 AD3d 1115, 1116 [2013]). In any event, the court’s rulings were a provident exercise of discretion, as the defendant failed to offer a good faith basis for the proposed line of inquiry (see People v Hicks, 88 AD3d 817 [2011]; People v Garcia, 47 AD3d 830 [2008]; People v Mestres, 41 AD3d 618 [2007]; People v Walsh, 35 AD3d 637 [2006]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Under the particular circumstances of this case, we find that the sentence imposed was excessive (see People v Suitte, 90 AD2d 80 [1982]). The defendant was charged and tried together with her parents for crimes arising from their concerted efforts in a years-long fraudulent scheme to steal or swindle approximately $1,800,000 from 19 complainants (see People v Ramsundar, 138 AD3d 891 [2016] [decided herewith]; People v Ramsundar, 138 AD3d 890 [2016] [decided herewith]). The evidence at trial demonstrated that the defendant’s father was the primary driving force behind the criminal scheme. Upon her 16 convictions, the defendant was sentenced to consecutive and concurrent indeterminate prison terms, resulting in an aggregate term of imprisonment of 10 to 30 years, which, by operation of Penal Law § 70.30 (1) (e) (i), were reduced to an aggregate term of imprisonment of 10 to 20 years, as well as a fine in the sum of $182,180. Her codefendant parents, both of whom were convicted of over 30 crimes, received much higher aggregate sentences than the defendant. Her father was sentenced to an aggregate term of imprisonment of 78 years and four months to 235 years, and her mother was sentenced to an aggregate term of imprisonment of 51 to 153 years. However, like the defendant’s sentence, the sentences of her codefendant parents were reduced by operation of Penal Law § 70.30 (1) (e) (i) to aggregate terms of imprisonment of 10 to 20 years. We find that reducing the defendant’s sentence is ap *894 propriate, among other reasons, in light of the disparity between her original sentence and that of her codefendant parents, her relatively young age, her lower level of participation in the criminal scheme, and her lack of a prior criminal record (compare People v Crew, 114 AD3d 696, 697 [2014]). Accordingly, we modify the sentence to the extent indicated herein, to reduce the defendant’s sentence to an aggregate term of imprisonment of 6 to 18 years and her fine to $5,000.
Mastro, J.P., Hall, Maltese and LaSalle, JJ., concur.