People v Salcedo (2022 NY Slip Op 05548)

People v Salcedo

2022 NY Slip Op 05548

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2020-02064
 (Ind. No. 554/17)

[*1]The People of the State of New York, respondent,
v
Santiago Salcedo, appellant.

Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Aaron Spurlock of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered February 7, 2020, convicting him of manslaughter in the first degree, attempted assault in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress identification testimony. "While the fillers used in a lineup must be sufficiently similar to the defendant so that no characteristic or visual clue would orient the viewer toward the defendant as a perpetrator of the crimes charged, there is no requirement that a defendant in a lineup be accompanied by individuals nearly identical in appearance" (People v Baez, 172 AD3d 893, 893 [citation and internal quotation marks omitted]; see People v Chipp, 75 NY2d 327, 335). Here, the defendant failed to establish that the lineup identification procedure was unduly suggestive, as a review of the lineup photograph reveals that the lineup fillers possessed physical characteristics which were reasonably similar to those of the defendant, and that the police took reasonable steps to conceal any differences between the appearances of the lineup participants and the defendant (see People v Costan, 197 AD3d 716, 721-722; People v Benshitrit, 185 AD3d 1046, 1047-1048). Further, the photograph taken of the lineup reflects that the age disparities between the defendant and the fillers were not so apparent as to "orient the viewer toward the defendant as a perpetrator of the crimes charged" (People v Dorcil, 194 AD3d 1069, 1070 [internal quotation marks omitted]; see People v Dunaway, 207 AD3d 742).
The defendant's contention that his conviction of attempted assault in the first degree was not based on legally sufficient evidence is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of attempted assault in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless [*2]accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his contention that the prosecutor made improper comments to the prospective jurors during voir dire (see CPL 470.05[2]). In any event, the challenged remarks were appropriately directed at determining the prospective jurors' views on issues likely to be presented at trial (see People v Horton, 181 AD3d 986, 996; People v Guay, 72 AD3d 1201, 1203).
The defendant's contention that certain comments made by the prosecutor in her summation were improper and deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; People v Morris, 2 AD3d 652; People v McHarris, 297 AD2d 824). In any event, most of the challenged remarks constituted fair comment on the evidence and the inferences to be drawn therefrom (see People v Fuhrtz, 115 AD3d 760; People v Birot, 99 AD3d 933; People v Guevara-Carrero, 92 AD3d 693; People v McHarris, 297 AD2d at 825), or were fair response to defense counsel's comments during summation (see People v Adamo, 309 AD2d 808; People v Clark, 222 AD2d 446; People v Vaughn, 209 AD2d 459), and any improper statements "were not so flagrant or pervasive as to [have deprived] the defendant [of] a fair trial (People v Almonte, 23 AD3d 392, 394; see People v Adolph, 206 AD3d 753).
The defendant's contention that the prosecutor improperly asked him on cross-examination whether certain testimony of a prosecution witness was "a lie" is unpreserved for appellate review (see CPL 470.05[2]; People v Damon, 78 AD3d 860, 861). In any event, while this line of questioning by the prosecutor was improper (see People v Cosme, 110 AD3d 1096; People v Berrios, 298 AD2d 597), the error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the impropriety in the prosecutor's cross-examination contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Bonds, 85 AD3d 1195, 1196).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85-86).
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court