People v Delgado (2023 NY Slip Op 06055)

People v Delgado

2023 NY Slip Op 06055

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2017-09122
 (Ind. No. 2730/15)

[*1]The People of the State of New York, respondent,
v
Ricardo Delgado, appellant.

Patricia Pazner, New York, NY (Hannah Kon and White & Case LLP [Joshua J. Howard, Maya Priestley, Mariel Radek, Emily Dufner, and David H. Suggs], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered July 20, 2017, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification evidence and certain statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification evidence. "While the fillers used in a lineup must be sufficiently similar to the defendant so that no characteristic or visual clue would orient the viewer toward the defendant as a perpetrator of the crimes charged, there is no requirement that a defendant in a lineup be accompanied by individuals nearly identical in appearance" (People v Salcedo, 209 AD3d 678, 679 [internal quotation marks omitted]; see People v Baez, 172 AD3d 893, 893). Here, the defendant failed to establish that the lineup identification procedure was unduly suggestive. A review of the lineup photograph reveals that the lineup fillers possessed physical characteristics that were reasonably similar to those of the defendant, and that the police took reasonable steps to conceal any differences between the appearances of the lineup participants and the defendant (see People v Salcedo, 209 AD3d at 679; People v Costan, 197 AD3d 716, 721-722; People v Benshitrit, 185 AD3d 1046, 1047-1048). Further, the photograph taken of the lineup reflects that the age and weight disparities between the defendant and the fillers were not so apparent as to "orient the viewer toward the defendant as a perpetrator of the crimes charged" (People v Salcedo, 209 AD3d at 679 [internal quotation marks omitted]; see People v Dorcil, 194 AD3d 1069, 1070).
The defendant contends that the Supreme Court improperly denied that branch of his omnibus motion which was to suppress certain statements he made to a detective while in a police vehicle because the testimony of the detective at the suppression hearing was incredible as a matter of law and patently tailored to overcome constitutional objections. This contention is unpreserved [*2]for appellate review, as the defendant failed to raise that specific claim before the court (see CPL 470.05[2]; People v Kelly, 131 AD3d 484, 484; People v Inge, 90 AD3d 675, 676; People v Rivera, 27 AD3d 489, 490). In any event, the contention is without merit. The credibility determinations of a hearing court are accorded great weight on appeal, as that is the court that has the ability to see, hear, and observe the witnesses before it (see People v Francis, 215 AD3d 762, 763; People v Harris, 192 AD3d 151, 162). However, "[a]n appellate court will disturb a credibility determination if the witness's testimony is impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory, as to be disregarded for being without evidentiary value, even if it is not contradicted by other testimony or evidence" (People v Francis, 215 AD3d at 763; see People v Biggs, 208 AD3d 1340, 1343). "A credibility determination may also be set aside on appeal if the witness's testimony is patently tailored to nullify constitutional objections" (People v Francis, 215 AD3d at 763; see People v Biggs, 208 AD3d at 1343). Here, upon consideration of all the relevant facts and circumstances, the testimony of the detective at the suppression hearing was not incredible or patently tailored to meet constitutional objections, and, in exercising our factual review power, we find that the court properly credited his testimony (see People v Francis, 215 AD3d at 763).
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Further, we decline to reverse the defendant's convictions in the interest of justice (see CPL 470.15[3][c]).
The defendant contends that the Supreme Court deprived him of his constitutional rights to confront witnesses and to present a defense by limiting his cross-examination of a prosecution witness with regard to two hearsay statements in certain police reports, which the defendant contends were admissible for the nonhearsay purpose of challenging the adequacy of the police investigation. This contention is unpreserved for appellate review, as the defendant did not assert a constitutional right to introduce the excluded evidence at trial (see CPL 470.05[2]; People v Ramsundar, 138 AD3d 892, 892-893; People v Simmons, 106 AD3d 1115, 1116), and, in any event, without merit. Although a defendant has the constitutional rights to present a defense and to confront adverse witnesses through cross-examination (see US Const 6th Amend; NY Const, art I, § 6), these rights do not guarantee unfettered cross-examination (see People v Agosto, 203 AD3d 841, 842) and do not give criminal defendants "carte blanche to circumvent the rules of evidence" (People v Hayes, 17 NY3d 46, 53 [internal quotation marks omitted]). "Challenging the adequacy of a police investigation may constitute a permissible nonhearsay purpose where appropriate, but there is no rule requiring the automatic admission of any hearsay statement" (id. at 53). "The scope of cross-examination is within the sound discretion of the trial court and it must weigh the probative value of such evidence against the possibility that it would confuse the main issue and mislead the jury . . . or create substantial danger of undue prejudice to one of the parties" (id. [citation and internal quotation marks omitted]). Here, the court did not improvidently exercise its discretion in limiting the defendant's cross-examination of the prosecution witness with regard to the two hearsay statements, as the probative force of the proposed evidence was outweighed by the dangers of speculation, confusion, and prejudice (see id. at 54; People v Gibson, 163 AD3d 586, 588; People v Herring, 101 AD3d 1151, 1152; People v Sawyer, 304 AD2d 775, 775).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 [*3]proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., MALTESE, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court