People v Joseph (2025 NY Slip Op 50890(U))

[*1]

People v Joseph (Raymond)

2025 NY Slip Op 50890(U)

Decided on June 3, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 3, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

571034/18

The People of the State of New York, Respondent,
against
Raymond Joseph, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J.), rendered July 30, 2018, after a jury trial, convicting him of criminal contempt in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Heidi C. Cesare, J.), rendered July 30, 2018, reversed, on the law, and a new trial ordered.
Defendant was charged with second-degree criminal contempt based upon his alleged violation of a "stay away" order of protection issued in favor of complainant. During summation to the jury, the prosecutor became an unsworn witness when he offered facts not in evidence based upon his own observation of complainant's interaction with police officers during a trial recess. Specifically, the prosecutor stated that the complainant "wanted to sit next to" the police officers because "she was afraid [defendant] would come out and violate the order of protection again . . . I was there." 
The above-quoted statement improperly encouraged inferences of guilt based on facts not in evidence, and improperly injected the prosecutor's credibility into the trial, by virtue of his position with the District Attorney's office (see People v Paperno, 54 NY2d 294, 300-301 [1981]). A prosecutor may not make himself an unsworn witness by "supporting his case by his own veracity and position" (People v Lovello, 1 NY2d 436, 439 [1956]). "The assertion by a prosecuting attorney of his personal knowledge of matters which may influence the jury's verdict should have no place in the record of a criminal trial" (People v Tassiello, 300 NY 425, 430 [1950]). Since the court, in its ruling on defense counsel's timely objection, failed to remedy the error with any curative instruction, a new trial is required (see People v Keitt, 13 AD2d 910 [1961]).
In view of our disposition, we reach no other issue.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 3, 2025