People v Martin (2025 NY Slip Op 06732)

People v Martin

2025 NY Slip Op 06732

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
SUSAN QUIRK, JJ.

2019-13721
 (Ind. No. 5269/17)

[*1]The People of the State of New York, respondent,
v
Gary Martin, Jr., appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jordan Cerruti, and Evan A. Esswein of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered October 28, 2019, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of two counts of murder in the second degree arising out of the defendant's participation in the shooting death of two occupants of a parked car. The defendant's contention that the lineup identification procedure was unduly suggestive is partially unpreserved for appellate review, since he failed to raise all of the specific grounds upon which he now challenges the procedure at the Wade hearing (see CPL 470.05[2]; United States v Wade, 388 US 218; People v Gregory, 160 AD3d 894). In any event, the defendant failed to establish that the procedure was unduly suggestive (see People v Delgado, 221 AD3d 909, 909-910; People v Salcedo, 209 AD3d 678, 679).
The defendant's contention that the Supreme Court should have precluded certain narration of video surveillance footage as it was improper opinion testimony is unpreserved for appellate review and we decline to exercise our interest of justice jurisdiction to reach the issue (see CPL 470.05[2]). Defense counsel did not object to that portion of the narration at trial. The defendant's objection at trial to a different portion of the narration on the basis that it was "pure speculation" did not encompass the defendant's contention on appeal. Moreover, the defendant did not object to the court's curative instructions regarding the narration nor did he request additional instructions (see People v Dunaway, 207 AD3d 742, 744).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., DOWLING, WARHIT and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court