People v Harrell

2026 NY Slip Op 03183

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Christopher Harrell, Also Known as "Rel," appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2017-01555, (Ind. No. 1/14)

Cheryl E. Chambers, J.P.

Linda Christopher

Helen Voutsinas

Phillip Hom, JJ.

Patricia Pazner, New York, NY (Anders Nelson of counsel), for appellant.

Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky, James Joseph Gandia, and Nicole Kaye of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William E. Garnett, J.), rendered January 31, 2017, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Mario F. Mattei, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

ORDERED that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification evidence. "While the fillers used in a lineup must be sufficiently similar to the defendant so that no characteristic or visual clue would orient the viewer toward the defendant as a perpetrator of the crimes charged, there is no requirement that a defendant in a lineup be accompanied by individuals nearly identical in appearance" (People v Salcedo, 209 AD3d 678, 679 [internal quotation marks omitted]). Here, the defendant failed to establish that the lineup identification procedure was unduly suggestive. A review of the lineup reveals that any age disparities between the defendant and the fillers were not so apparent as to orient the viewer toward the defendant as a perpetrator of the crimes charged (see People v Delgado, 221 AD3d 909, 910; People v Salcedo, 209 AD3d at 679). Furthermore, the differences in the defendant's clothing from that of the fillers were not so unduly suggestive of his identity as to create a substantial likelihood of misidentification where there is no evidence that his clothing figured prominently in the description of the perpetrator (see People v Jean-Baptiste, 57 AD3d 566, 567).

"A defendant does not have an absolute, unqualified right to examine the complaining or identifying witness at a Wade hearing" (People v Cherry, 26 AD3d 342, 342). "To the contrary, this right is generally triggered only when the hearing record raises substantial issues as to the constitutionality of the identification procedure, where the People's evidence is 'notably incomplete,' or where the defendant otherwise establishes a need for the witness's testimony" (People v Santiago, 265 AD2d 351, 352 [citations omitted], quoting People v Sokolyansky, 147 AD2d 722, 723). Contrary to the defendant's contention, he did not establish his right to reopen the Wade hearing to examine the identifying witnesses.

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).

CHAMBERS, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court